# THE WESTERN UNION TELEGRAPH COMPANY

*v.*

# JAMES M. QUINN *et al.*

COMPARATIVE NEGLIGENCE. In an action against a telegraph company for the loss of the plaintiff's horse and wagon, occasioned by the alleged negligence of the defendants' servants, while engaged in repairing a telegraph line on one of the streets in the city of Chicago, in so handling a broken wire as to strike the horse, thereby frightening him and causing him to run, resulting in his death, it appeared the driver had left the horse, attached to a wagon, standing loose in the street, and, if the accident was attributable to the cause alleged, the negligence of the driver, in failing to secure the horse properly, or have him under his control, was so much greater than that of the defendants, that there could be no recovery.

APPEAL from the Circuit Court of Cook County; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. DENT & BLACK, for the appellants.

Mr. THOMAS SHIRLEY, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, in the Cook circuit court, to recover damages against the Western Union Telegraph Company, for the loss of a horse and wagon belonging to the plaintiffs, occasioned by the negligence of the defendants in so handling a broken telegraph wire, as to strike the horse, thereby frightening him and causing him to run, resulting in his death.

The jury found for the plaintiffs, and the court rendered a judgment on the verdict, to reverse which the defendants appeal, assigning the common errors.

We have directed our attention to one only of the points made by appellants, that being decisive of the case, and that is, the negligence of the appellees; the question arising thereon being, was their negligence in leaving the horse, attached to the wagon, loose in a public, busy street of Chicago, so much less than that of appellants, as to entitle them to a verdict.

The doctrine of comparative negligence is the doctrine of this court, and is now well understood. The inquiry must first be, in this case, were the appellants guilty of negligence in repairing the wire.

The evidence fails to show any negligence. Due care and circumspection were used by the workmen engaged in the repair. The preponderance of the evidence is, that no wire was cut or broken by the workmen so engaged, which, by falling and striking the horse, caused him to start and run.

But, if the fact was, such an accident did occur, the workmen using all proper care, it is very clear if the horse had been secured or under the control of his driver, no injury could have been caused by it.  The driver left him loose in the street, and by so doing was guilty of great negligence.

It may be said it is not possible to hitch a horse attached to a wagon when it is backed up to the curb-stone to receive its load; that the head of the horse must be in the street, where it would be impracticable to provide hitching posts.  This may be so, but the care of the driver can always be given to the animal, and, when danger is near, such care should not be withheld.  It is in proof the owners of this property saw what was going on by the workmen of appellants, and that their property was more or less exposed to danger.  It was their duty, then, to have removed the horse and wagon, or so have secured them that the rattling or falling of a telegraph wire could have produced no injury.

The proof seems to us to establish great negligence on the part of appellees — so great as to preclude them from recovery.

The judgment of the court below is reversed, and the cause remanded in order that a new trial may be had.

*Judgment reversed.*