[Filed November 9, 1891.]

## JAMES COUGHTRY v. WILLAMETTE STREET RAILWAY CO.

Damages — Negligence — Contributory Negligence.— In an action for damages alleged to have been caused by negligence, it is incumbent on the plaintiff to show that the defendant violated some duty owed to the plaintiff by an act or omission which contributed to the injury, and that the plaintiff was not guilty of any contributory negligence.

Evidence — Nonsuit.— In an action against a railway company for negligence in running its engine against plaintiff's team, where the evidence offered by plaintiff was to the effect that he allowed the team to linger by the track until it became unmanageable and got upon the track, where it was struck by the engine, and there was no evidence of negligence on the part of defendant; held, that a judgment of nonsuit should be entered.

Multnomah county: E. D. Shattuck, Judge.

Defendant appeals.   Reversed.

This is an action commenced in justice's court for East Portland precinct in Multnomah county, Oregon, to recover damages for alleged negligence. After alleging the defendant's corporate existence, the complaint charges: "That plaintiff was, on the ninth day of February, 1891, the owner of one span of sorrel horses, seven years of age, and on that day was on said N street at work with said horses, and while so at work on said street between Seventh and Eighth streets with said horses, the defendant, while running its locomotive engine and cars on said street, through the carelessness, negligence and wilful conduct of its agents and employés, ran said locomotive engine and cars against the said span of horses of plaintiff, and broke one of said horses' legs and bruised the other one so that he became lame, sore and crippled, to the damage of the plaintiff in the sum of two hundred and fifty dollars; that said injury was caused by the careless, negligent and wilful manner of the defendant's servants, agents and employés in the running of said train along said street, without any fault on the part of this plaintiff."

After denying each material allegation of the complaint, the defendant alleges: "That said accident and injuries or

damages that occurred to plaintiff's horses or either of them, were caused solely by the careless and negligent manner in which plaintiff managed and drove said horses upon the track of defendant's railway; that had plaintiff exercised ordinary care and prudence, said accident would not have occurred."

The record does not show that this new matter in the answer was replied to.

The plaintiff recovered a judgment before the justice for one hundred and ninety-five dollars, and on appeal to the circuit court he recovered judgment for two hundred and fifty dollars, from which last-named judgment this appeal is taken.

At the conclusion of plaintiff's evidence, the defendant moved for a nonsuit, but the motion was overruled and defendant excepted.

*Hall & Showers,* for Appellant.

Where the evidence is clear as to the facts, the question of contributory negligence is one of law for the court, and not for the jury. (*Williams* v. *S. P. R. Co.* Cal. Dec. 1885, 9 Pac. Rep. 157; *Fernandes* v. *Sacramento etc. Ry. Co.* 52 Cal. 45; *Scott* v. *O. Ry. & N. Co.* 14 Or. 212; *Lake Shore etc. R. R. Co.* v. *Miller,* 25 Mich. 290; *Artz* v. *Chicago R. I. & P. R. R. Co.* 34 Iowa, 153; *Haines* v. *Ill. Cent. Ry. Co.* 41 Iowa, 227; *Neier* v. *Mo. Pac. Ry. Co.* Mo. June, 1886, 1 S. W. Rep. 387; *Mynning* v. *Detroit & C. Ry. Co.* 64 Mich. 93; 8 Am. St. Rep. 804; *McGrath* v. *N. Y. Cent. etc. R. R. Co.* 59 N. Y. 469; 17 Am. Rep. 359.)

If the danger be known or apparent and can be easily avoided, a peril voluntarily and unnecessarily assumed may constitute such negligence as would preclude a recovery. (*Harris* v. *Town of Clinton,* 64 Mich. 447; 8 Am. St. Rep. 842; *Parkhill* v. *Brighton,* 61 Iowa, 103; *Cook* v. *Johnson,* 58 Mich. 437; 55 Am. Rep. 703; *Keeney* v. *O. Ry. & N. Co.* 19 Or. 294; *Smith* v. *Chicago & C. Ry. Co.* 34 Iowa, 506; *Schoennfield* v. *Milwaukee City Ry.* 74 Wis. 433; *Esrey* v. *S. P. R. Co.* 88 Cal. 399; *Hurst* v. *Burnside,* 12 Or. 520; *Starry* v. *Dubuque etc. Ry. Co.* 51 Iowa, 419; *Underhill* v. *Chicago etc. Ry. Co.* 81 Mich. 43.)

A locomotive engineer has a right to presume when he sees a person on the track who gives no signal or warning, that the person will vacate the track in time to avoid danger, and is only called upon to act when the danger becomes imminent and apparent. (*Dyson* v. *N. Y. & New England Ry.* 57 Conn. 9; 14 Am. St. Rep. 82.)

It is contributory negligence to drive a fractious team that is only fastened together with the lines alongside of a railroad track when it is known that a train is approaching and when a place of safety is equally available. (*Durbin* v. *Oregon R. & N. Co.* 17 Or. 5; 11 Am. St. Rep. 778; *Artz* v. *Chicago R. I. & P. Ry.* 34 Iowa, 153; *Hargis* v. *St. Louis A. & T. Ry. Co.* 75 Tex. 19.)

It is not sufficient to charge negligence generally in the complaint, but the specific acts or omissions constituting the negligence must be pleaded and proven. (*Woodward* v. *Oregon R. & N. Co.* 18 Or. 295; *Heilner* v. *Union County,* 7 Or. 84; 33 Am. Rep. 703; *Lakin* v. *Oregon P. R. R.* 15 Or. 220; *Chicago B. & Q. R. R.* v. *Harward,* 90 Ill. 425.)

*Ira Jones,* and *S. R. Harrington,* for Respondent.

Nonsuit for failure to prove a cause sufficient to be submitted to the jury is allowed only where there is no evidence to prove some material point. (*Stoddard* v. *Van Dyke,* 12 Cal. 438; *Grant* v. *Baker,* 12 Or. 329; *Salmon* v. *Olds,* 9 Or. 488.)

The defendant failed to specify his grounds in his motion for a nonsuit. (Hayne on New Trial and Appeal, § 118.)

If the defendant, after having moved for a nonsuit, introduce evidence which enables plaintiff to supply the defects in his evidence, he waives his right to a nonsuit. (*Bennett* v. *N. P. Ex. Co.* 12 Or. 49.)

Strahan, C. J.—The only error relied upon on this appeal is the refusal of the court below to allow defendant's motion for a nonsuit. The ground of the motion was that the plaintiff had failed to prove a case sufficient to be submitted to the jury. This state of the record imposes the delicate duty upon this court of looking into and consider-

ing the evidence to determine whether or not any facts were. proven which in any view that could be reasonably taken of them would entitle the plaintiff to a verdict.

To sustain its contention, the appellant makes two points: (1) That the plaintiff failed to prove that the defendant, its agents and servants were in any respect negligent; and (2) that the plaintiff's evidence shows that he was guilty of negligence contributing to the injury. These two objections were both covered by the defendant's motion for a nonsuit, and may be considered together. The evidence is all contained in the bill of exceptions, and is very brief.

John Beno testified that he was in the employ of the plaintiff at the time of the accident; that they were excavating a cellar on the northeast corner of Sixth and N streets in East Portland on the day of the accident; that they had taken out the last load of dirt and dumped it on the east side of Seventh street, about fifty feet south from N street; that the driver, young Mr. Coughtry, turned around, drove back to N street, and there saw the span of horses in question standing with their heads towards the track, and the lines lying on the ground, where they had been left by young Coughtry, another son of plaintiff. Witness got off the wagon and picked up the lines, while Robert Coughtry drove around the loose team and upon the bridge to a point about thirty-five feet east of Seventh street, and stopped, while the witness held the lines of the team behind the wagon. They waited here some three or four minutes for young Coughtry, who had gone to the cellar for his coat, when they saw the motor coming. The team held by the witness began to grow uneasy, and the horse on the near side danced upon the track when the motor was within about one hundred and twenty-five feet of them, and continued upon the track until struck by the motor. The motor pushed the horses some ten or twelve feet along the track before it stopped. This was about 5:30 or 6 o'clock in the evening of February 9th.

Robert Coughtry testified that he had been driving the

team along the street during the day, and passed the motor a great number of times; that while he was unloading the last load in the evening, the motor passed down the street going west; that the motor had been making trips every fifteen or twenty minutes during the day; that it did not generally remain at the station but a few minutes before going back; that after unloading his load, his nearest way home would have been to continue south on Seventh street to O street; thence east on O street; that O street was an improved street but that N street was a better street; that he had to turn his team around to get back to N street; that he was sitting on the wagon when the motor struck the team.   He also corroborates Beno's statement about the horses being on the track, and that Beno held the lines, and that the horses not being fastened together behind, spread apart with the result that the near one got on the track when the motor was about one hundred and twenty-five feet away.

H. Glen testified that he was in the office of the East Portland Mill and Fixture Company at the time of the accident.   His attention was attracted by the tramping of the horses.   He looked out and saw the horses upon the track, and at the same time heard the motor coming.   He then went to the west window and saw the motor coming, at the same time saying: "It looks as though there was going to be an accident out there."   The train was not running at the usual speed, but was going so fast that it would have been unsafe to step on or off it; that they usually came down the grade at a pretty lively speed in order to get a good start up the grade, which commenced just east of Seventh street.   The witnesses except the last all substantially agreed as to the amount of damages.   This was all the evidence offered on the part of the plaintiff.

The complaint is very defective in not alleging the act of negligence upon which the plaintiff relies, but no objection appears to have been taken by demurrer or motion so that the same will not be further noticed.

The gist of this action is negligence; and in order to enable the plaintiff to recover, he must prove by a preponderance of the evidence that the defendant violated some duty which it owed to the plaintiff, that is, that it did some act without due care which it ought not to have done, or that it omitted to do some act which it ought to have performed, and that such act or omission contributed to the injury of which the plaintiff complains; and in addition to this that the plaintiff was guilty of no act which contributed to the injury.

After the most attentive and careful examination of this evidence, and giving full effect to every fact which it in any way tends to prove, we are unable to find that the defendant was in any way whatever negligent. It was engaged in running its motor over its track as it had the lawful right to do, and the plaintiff knew the fact. Its time was about every fifteen or twenty minutes, and the plaintiff knew the motor had passed west and that it did not remain long at the station. Under these conditions the plaintiff's driver stopped the team by the side of the track to enable Mr. Coughtry to go back for his coat to the cellar they had been excavating. Plenty of time elapsed from the time the team stopped by the side of the track before the motor returned, for the team to have passed beyond possible danger from it. If the driver allowed the team to linger by the side of the motor line until the horses became unmanageable and danced upon the track, it is difficult to see how the defendant could be responsible for that act.

Whether the motor could have been stopped after it was seen by the engineer that the horses were on the track, does not appear. There is not a particle of evidence on the subject. As this record stands there is no evidence of any negligence on the part of the defendant that could justify a recovery. In addition to this, it is difficult under the circumstances to resist the conclusion that the plaintiff was negligent in handling and caring for his team at the time

of the injury, and that this negligence directly contributed to the injury.

For these reasons, the court below erred in refusing the defendant's motion for a nonsuit, and the judgment appealed from must be reversed, with directions to sustain the defendant's motion for a nonsuit.