HENRY R. HIGGINS *vs.* THE WILMINGTON CITY RAILWAY • COMPANY.

New Castle County, February Term, 1895.

**Street Railway. Highways.**—A street railway company has a right to use all that portion of the street which is included within the lines of its track, and within those lines it has a superior right and must not be unnecessarily interfered with or impeded. Such superior right, however, does not give the right either carelessly or recklessly to injure others.

**Highways. Negligence.**—Leaving a horse, harnessed to a carriage or a wagon on the streets of the city, unhitched or unattended by, and out of the control and reach of the driver, is negligence; and if such negligence is the proximate cause of the injury, the plaintiff cannot recover.

**Street Railway. Highway. Negligence.**—If the wheels of a wagon be dangerously near the track, and the motorman of an approaching car either did see it, or by using proper care could have seen it in time to have stopped the car, and does not do so, then the plaintiff would be entitled to recover.

**Same.**—But if the wagon was standing still on the side of the street far enough from the track for the car to pass without striking it when it came into the view of the motorman, then the motorman had a right to presume that the wagon would remain still and had a right to go on; and if when the car approaches the horses,

Del.]               HIGGINS vs. WILM. CITY RY. CO.               353

Syllabus.—Statement.

they become scared and back the wagon into the car, that is an accident and something that the defendant could not have foreseen and was not bound to foresee. In that case the plaintiff could not recover.

**Measure of Damages.**—In an action against a street railway company for injury to a vehicle from a collision with a car, caused by negligence of the motorman, the measure of damages is the actual damages proved.

**Evidence.**—In civil causes the jury must be governed by the weight or preponderance of the evidence. In estimating this evidence, they must take into consideration the fairness of the witnesses, their opportunities for seeing, their intelligence, their appearance on the stand, their number (if it be a mere matter of number) and every other element enabling them to rightfully measure the credit to be given.

This was an action on the case to recover damages for injuries to his horse and wagon, which the plaintiff alleged were caused by the negligence of the defendant.

The case made by the plaintiff was that on the 30th day of October, 1892, his horse and milk-wagon were temporarly stopped in front of the Dragon Run Dairy, on Delaware Avenue, just west of Jefferson Street, in the city of Wilmington, for the purpose of taking the milk out of the wagon and putting it in the cellar of said dairy; that the horse was fronting west with the hind wheels of the wagon in an easterly direction, near the car-track of the defendant company's road; that two cars had previously passed, but afterwards, while the hind-wheel was so near the track as to make it dangerous for any other cars to pass, car No. 32 of the Wilmington City Railway Company came up, running rapidly, ran into and injured the horse and wagon of the plaintiff. The damage to the horse was placed at $275.00, and the amount of the repairs to the wagon, rendered necessary by the accident, at $67.73, making $342.73 the total amount of damages claimed.

At the conclusion of the plaintiff's testimony, *Ponder*, for the defendant, moved for a non-suit, because as he contended, the

evidence showed that there was contributory negligence on the part of the plaintiff, and that, therefore, he could not recover.

Non-suit may and ought to be granted where there is no evidence showing negligence on the part of the defendant or even where there is very little evidence of such negligence. *N. Y. &c., R. R. Co. vs. Skinner*, 19 Pa. 298; *Phila. R. R. Co. vs. Shertle*, 97 Pa. 450; *Allen vs. Willard*, 57 Pa. 374.

Non-suit may and ought to be granted where the plaintiff's own evidence is equally consistent with the absence as with the existence of the negligence and the cause should not be permitted to go to the jury. *Baulac vs. R. R. Co.*, 59 N. Y. 356.

The burden of the proof is on the plaintiff of showing that the person injured was without fault. *Murphy vs. Dean*, 101 Mass. 466; *Gleason vs. Bremen*, 50 Me. 222; *Lucas vs. R. R. Co.*, 6 Gray 64; *Gallagher vs. R. R. Co.*, 1 Allen 187; *Allyn vs. R. R. Co.*, 105 Mass. 77; *Lane vs. Crombie*, 29 Mass. 176; *Cochran vs. R. R. Co.*, 133 Mass. 507; *Cordell vs. R. R. Co.*, 75 N. Y. 330; Patterson, Ry. Accident Law 433; *Adams vs. Carlyle*, 38 Mass. 146.

Where from the plaintiff's own evidence it plainly appears that he is guilty of negligence contributing approximately to the injury, then a non-suit may and ought to be granted. Whart. Negl. § 427; *Express Co. vs. Nichols*, 33 N. J. L. 434; *Pa. Co. vs. Righter*, 42 id. 180; *Hoth vs. Peters*, 55 Wis. 405; *Tollman vs. R. R. Co.*, 98 N. Y. 198; *P., W. & B. R. R. Co. vs. Stebbing*, 62 Md. 504; *Deville vs. R. R. Co.*, 50 Cal. 383; *Barton vs. R. R. Co.*, 52 Miss. 353; *Pendrill vs. R. R. Co.*, 34 N. Y. Super. 481; *Kellar vs. R. R. Co.*, 2 App. Div. N. Y. 480; *Wilds vs. Hudson R. R. Co.*, 24 N. Y. 430; *Penna. R. R. Co. vs. Mathews*, 36 N. J. L. 531.

The failure of any person to perform a duty imposed upon him by legal authority is evidence of negligence, and the omission of the known legal duty is such strong evidence of carelessness and negligence that the offending party should be held wholly in fault; Deering on Negligence, § 6; *Smith vs. R. R. Co.*, 92 Pa. 450; Shearman & Redfield on Negl., § 13 a; *Wilson vs. Susquehanna*

Del.]          HIGGINS vs. WILM. CITY RY. CO.          355

Motion for Non-suit.—Opinion.

*R. R. Co.*, 21 Barb. 68 ; *Phila., &c., R. R. Co. vs. Stebbing,* 62
Md. 504 ; *Correll vs. Balto. &c. R. R. Co.,* 38 Ia. 120 ; *Piper vs.
R. R. Co.,* 46 N. W. Rep. 165 ; *Giles vs. Diamond St. Iron Co.,*
8 Atl. Rep 368 ; *Penna. &c. Co. vs. Bentley,* 66 Pa. 30 ; *Taylor
vs. Harwood,* Taney 437 ; *Coster vs. Noonan,* 8 Daly 231 ; *Devin
vs. Gallagher,* 6 *id.* 494 ; *Richards vs. Flinn,* 13 *id.* 541 ; *Hayes
vs. R. R. Co.,* 111 U. S. 228

Where the person injured or the plaintiff or any person
whose negligence is attributed to the plaintiff has so far con-
tributed to the injury by his want of ordinary care that but
for such want of ordinary care on his part the injury would
not have been done, the railway company is not liable to the
plaintiff in damages for such injury ; *Butterfield vs. Forrester,* 11
East. 43 . *Bridge vs. Ry. Co.,* 3 M. & W. 244 ; *Balto. & Phila.
Ry. Co. vs. Jones,* 95 U. S. 439 ; 4 Am. St. Ry. 6 Dec. 307 ; *Brown
vs. Maxwell,* 6 Hill N. Y. 592 ; *Holly vs. Gas. Co.,* 8 Gray 123 ;
*West. Union Tel. Co. vs. Quinn,* 56 Ill. 319 ; *Dickson vs. McCoy,*
39 N. Y. 400 ; *Illidge vs. Gooding,* 5 Carr & Payne 272 ; *Phillips
vs. Dewald,* Amer. St. Rep. 458 ; *Penna. Can. Co. vs. Bent-
ley,* 66 Pa. 30 ; *Warren vs. R. R. Co.,* 8 Allen 227.

*Arthur Spruance,* for the plaintiff, contended that the proof
showed that the accident was the result of negligence for which
the defendant was responsible. Besides, under the law of this
State, even if contributory negligence were shown, the plaintiff
might still be entitled to recover. It would be for the jury to say
whose act or default was the proximate cause of the injury.

LORE, C. J. Even if there was negligence on the part of the
plaintiff it has been ruled in this court that if there was subse-
quent negligence on the part of the defendants, which was the
proximate cause of the injury complained of, then they are liable.

If there be contributory negligence on the part of the plain-
tiff, which is the cause of the accident, that fact being proved, the
defendant is not responsible. But if the remote cause of the in-

jury exists in the person and the proximate and immediate cause of the injury is on the other side, and the proof shows that it could have been avoided by reasonable diligence on the part of the person inflicting the injury, then in that case the party inflicting the injury is liable.

CULLEN, J.   As far as the case has gone there seems to be some evidence of negligence, and where there is any evidence we don't think the court should decide.

The defendant offered evidence to show that the hind wheels of the wagon were clear of the track; that two cars had already safely passed; that when car No. 32 was approaching slowly and with due care there was sufficient room for it also to pass; that the team remained standing still clear of the car until the car came nearly abreast of the heads of the horses, when they became alarmed and backed into or came into contact with the car; that it was not therefore the result of negligence, but accidental.

The defendant's evidence was directed to show that the accident was solely due to the negligence of the plaintiff, or at least that there was contributory negligence.

*Arthur Spruance,* for the plaintiff.

*Ponder,* for the defendant, in his requests for instructions to the jury contended that a railroad or a railway is not liable where the injury results from the horses being frightened by noises or the appearance of the train or car, where due and proper care in the management of the car is used, and some impropriety or negligence in the management of the railway property must be shown.   That the horse was frightened at the sight of or noise of the cars is not enough to charge the defendant with negligence.   Booth, St. Ry. Law 400; *Steiner vs. Phila. Traction Co.,* 19 Atl. Rep. 491; *Phila. Traction Co. vs. Bernheimer,* 125 Pa. 615; *Hahn vs. R. R. Co.,* 51 Cal. 605; *Moshier vs. R. R. Co.,* 8 Barb. 427; *Favor vs. R. R. Co.,* 114

Mass. 350; *Hazel vs. People's Ry. Co.*, 132 Pa. 96; *Deville vs. R. R. Co.*, 50 Cal. 383; *Piollet vs. Simmers*, 106 Pa. 95; *Pittsburg R. R. Co. vs. Taylor*, 104 Pa. 306; *R. R. Co. vs. Tippins*, 14 S. W. Rep. 1067.

If a horse takes fright at an approaching car and because the car is not stopped becomes unmanageable and runs away injuring the driver or others, the company is not liable. *Coughtry vs. Wallamette, St. Ry. Co.*, 27 Pac. Rep. 1031; *Cornell vs. Detroit Elec. Ry. Co.*, 46 N. W. Rep. 791; *Chapman vs. Zanesville R. R. Co.*, 27 W. L. B. 70.

Where one permits a private vehicle to stand so near a street car track that it is struck by a passing car, both he and the driver of the car supposing that the car could pass without a collision, if an accident ensues the owner of the wagon cannot recover for the error of judgment; being mutual, both are guilty of contributory negligence; Booth, St. Ry. Law 438; *Spaulding vs. Jarvis*, 32 Hun 621; *Patton vs. Phila. Trac. Co.*, 132 Pa. 76; *Baxter vs. R. R. Co.*, 3 Robt. (N. Y.) 510; *Belton vs. Baxter*, 58 N. Y. 411.

Within the fixed line of its tracks the right of the railway company is superior to that of other users of the streets, and must not be unnecessarily interfered with or obstructed, and in using these streets all parties are bound to exercise reasonable care and diligence to prevent accidents and collisions; *Maxwell vs. Railway Co., supra* 138; *R. R. Co. vs. Isley*, 49 N. J. L. 468; *Warner vs. R. R. Co.*, 141 Pa. 615.

A railway company having charter powers, has a right to make all reasonable and usual noises incident thereto, whether occasioned by the escape of steam, rattling of the cars, or other causes; *Whitney vs. R. R. Co.*, 69 Me. 208; *Moshier vs. R. R. Co.*, 8 Barb. 427.

The failure of any person to perform a duty imposed upon him by legal authority is presumptive evidence of negligence or negligence *per se*. Deering, Neg. § 6; Shear. & Red. Neg. § 13, A; *Giles vs. Diamond State*, 7 Houst. 557; *Cornell vs. R. R. Co.*, 38 Iowa 120; *Smith vs. R. R. Co.*, 92 Pa. 450.

Where the person injured, either the plaintiff or any person whose negligence is attributed to the plaintiff, has so far contributed to the injury by his want of ordinary care that but for such want of ordinary care on his part the injury would not have been done, the railway company is not liable to the plaintiff in damages for such injury. *Ogle vs. P., W. & B. R. R. Co.*, 3 Houst. 267; *Balto. & Phila. R. R. Co. vs. Jones*, 95 U. S. 439; *Butterfield vs. Forrester*, 11 East 43; *Smith vs. R. R. Co.*, 92 Pa. 450; *Holly vs. Gas Co.*, 8 Gray 123; *West. Union Tel. Co. vs. Quinn*, 56 Ill. 319; *Phillips vs. Dewald*, 11 Am. St. Rep. 458; *Warren vs. R. R. Co.*, 8 Allen 227.

If the plaintiff puts himself in a place of danger no recovery can be had unless the negligence of the defendant was gross and that of the plaintiff was slight. *Flower vs. Adams*, 2 Taunt. 314; *Chicago R. R. Co. vs. Dickson*, 88 Ill. 431; *Holly vs. Gas Co.*, 8 Gray 123; 1 American St. Ry. Dec. 307; 1 *West. Union Tel. Co. vs. Quinn*, 56 Ill. 319.

When consequential damages are sought to be recovered, the jury is to give such damages as are proved to have been actually sustained and which have been reduced to dollars and cents. *Beeson vs. Mayor and Council*; *Ford vs. Charles Warner Co.*; *McCoy vs. P., W. & B. R. R. Co.*, 5 Houst. 604.

LORE, C. J., (charging the jury.)

We have been asked to charge you on certain points of law.

There are no new questions of law raised in this case; they have all been decided and are governed by the decisions of this State. Both parties had a right to the use of that street. Parties driving horses and wagons have a right to the use of all the streets, using reasonable and proper diligence in doing so. The railroad company have a right to use all that portion of it included within their lines of track, and within those lines they have a superior right and must not unnecessarily be interfered with or impeded.

Such superior right does not give them the right either care-

lessly or reckessly to injure others, it is simply that they have a superior right, and necessarily so, as they can travel only in that track, and others must get out of their way.

We have been asked to say to you that the leaving of horses unhitched and unattended in the streets of the city was in itself negligence.

We do say to you that the leaving of a horse unhitched to a carriage or a wagon on the streets of the city unattended by and out of the control and reach of the driver, is negligence. This principle has been decided in the case of *Robinson vs. Simpson*, by the late Chief Justice Comegys. If that negligence was the proximate cause of the injury, then the plaintiff could not recover.

This case lies within very narrow bounds. The question for you to decide is, whether there was negligence at or about the time of the collision and the injury to this horse and wagon, and if so, whose negligence it was that actually caused the injury, or was the proximate cause thereof.

If, as claimed by the plaintiff, the wheels of the wagon were dangerously near the track, and the motorman of the approaching car, No. 32, either did see it, or if by the the use of proper care and diligence he could have seen it in time to have stopped this car and did not do so, the plaintiff would be entitled to recover. The law requires that a person shall exercise all due care and diligence to prevent accidents. If he did see it and ran into it, or if he, using proper care, could have seen it and did not and ran into it through carelessness or reckelessness, the plaintiff is entitled to recover.

If, therefore, the wagon was standing on the side of the street, far enough for the car to pass by without striking, and was not moving when the car came within the distance, so that the motorman could see it, and within the distance that it was possible for him to stop, then the motorman had a right to presume that the wagon, which was thus standing still by the side-walk would so remain, and he had a right to go on ; and if, when the car got up near the horses, they got scared and backed the wagon into the car,

it was an accident, something the defendant could not have fore-seen, and was not bound to see it. In that case the plaintiff could not recover.

You see, therefore, this question narrows itself down to the point of the collision with the wagon. If the motorman did see or could have seen that the wheels were dangerously near the track and ran into the wagon, then the company would be liable. If the wheels were not dangerously near and the wagon was still the motorman was not bound to presume that it would move, other-wise a car would have to stop at every wagon that may be stand-ing along the streets, and speedy locomotion over the city would be impossible.

This whole matter is before you as a question of fact, and you are to decide it from the evidence in the case. In considering the evidence you are to be governed by a preponderance of proof. In criminal cases you must be satisfied beyond a reasonable doubt of the guilt of the prisoner or you must acquit him. In civil causes you are governed by whatever is the weight of the evidence or whichever side in your judgment the evidence preponderates. In estimating that evidence you are to take into consideration the fair-ness of the witnesses, their opportunities for seeing, their intelli-gence, their appearance on the stand, their numbers, if it be a mere matter of numbers, and every other element enabling you to rightfully and properly measure the credit to be given. Your ver-dict in this case should be in accordance with what you believe to be the weight of the evidence ; that is, all things considered, what is most entitled to belief.

The evidence is conflicting. One class of witnesses swears positively one way and another class positively another way. Reconcile that testimony, if you can, so as to reach a just conclu-sion. But if you cannot reconcile it, then gentlemen, you must give credit to those witnesses who, under all circumstance, in your best judgment, are entitled to belief.

The measure of damages, if you believe the plaintiff entitled to recover ; that is, that the injuries resulted from the negligence of

the company—is the actual damages proved to you, and in measuring that, you are to take the evidence on both sides.

If then, after considering carefully and conscientiously—as it is your duty—all the testimony in this case, you believe that the wagon wheel was on or near the track, and that the motorman either saw it or ought to have seen it and ran into it, your verdict should be for the plaintiff for such damages as have been proved. If you think the wheel was clear of the track when the motorman saw it and he got up nearly abreast of the horses when the wagon backed into the car then the plaintiff is not entitled to recover, and your verdict should be for the defendant.

*Verdict for the plaintiff for $342.73.*