## City of Belleville v. Theodore Hoffman.

1. CITIES AND VILLAGES—*Liability for Injuries When Different Causes Exist.*—A city may be liable for injuries resulting from its negligence in failing to keep a street in proper condition even when the defective street is not the sole cause of the injury, provided the injured party is not at fault.

2. NEGLIGENCE—*When a Question of Law.*—Where a statute or ordinance imposes a duty, or characterizes an act as negligent, proof of the act establishes, in law, negligence.

3. SAME—*When a Question of Fact.*—In most cases involving a common law duty it is for the jury, not only to determine the facts as to the conduct of the party charged with negligence, or required to show due care, but also to determine whether or not such facts as are proven under all the surrounding circumstances and conditions shown by the evidence, do, in fact, constitute negligence.

4. SAME—*When the Court May Assume it.*—Where, upon a given state of facts, or when all the facts are undisputed, or, when, after conceding as true all the evidence tends to prove in favor of the party charged with negligence, it is apparent that all reasonable minds will agree that the act and conduct shown does in fact constitute negligence, the court will assume its existence and apply the law accordingly.

5. SAME—*When the Court is in Doubt.*—When the court is in doubt as to whether, upon the whole evidence, all reasonable minds will agree as to what material facts are proven, or when the law does not expressly characterize the acts proven, and the court is in doubt as to whether, upon the whole evidence, all reasonable minds will agree that the acts and conduct shown do, in fact, constitute negligence, the question must be submitted to a jury for its determination.

6. SAME—*Duty of the Court in Applying the Rules.*—In applying the rules relating to negligence and ordinary care to an appellee, this court must give him the benefit of considering to be true every fact favorable to his case which there is any evidence tending to prove.

7. ORDINARY CARE—*Duty to Exercise.*—It is the duty of a person to exercise that care and caution for his own safety that persons of ordinary prudence would ordinarily exercise under the same or similar circumstances.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

M. W. BORDERS, attorney for appellant.

Dillon lays down the rule that there can be no recovery if the injury be caused by the unskillfulness or want of care on the part of the driver, or if it can be shown that the plaintiff, by his own want of care, directly caused the accident. Dillon on Municipal Corporations, Vol. 2, 1264, and cases cited in notes 2 and 3.

Any want of ordinary care in the traveler which contributes approximately to his injury will bar his recovery; and where his want of care is undeniable, he will be held guilty of contributory negligence as a matter of law. Am. and Eng. Ency. of Law, Vol. 4, 58, and note 1.

The courts of several of the States have decided that to leave a horse unfastened in a public street is undoubted negligence. Norris v. Kohler, 41 N. Y. 42; Deville v. Southern Pac. R. R. Co., 50 Cal. 383; Morris v. Phelps, 2 Hilt. 38.

Where a horse is frightened at cows and runs away and strikes an obstruction in a street there can be no recovery. Perkins v. Inhabitants of Fayette, 68 Me. 152; see also Moss v. City of Burlington, 60 Iowa, 438; Jackson v. Town of Bellevieu, 30 Wis. 250; Am. and Eng. Ency. of Law, Vol. 4, 58, note 1.

BARTHEL & FARMER, attorneys for appellee.

A charge of negligence, especially where the evidence is conflicting, presents a question of fact for the jury; and unless their finding is clearly against the weight of the evidence, it will be taken as final. Chicago, M. & St. P. R. R. Co. v. Krueger, 23 Ill. App. 639.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee against appellant in the Circuit Court of St. Clair County, to recover damages for a personal injury.

Trial was by jury.

Verdict and judgment for appellee for $20. Appellant duly excepted, brings the case to this court, and assigns as error:

That the court refused proper instructions asked on behalf of appellant; that the court improperly instructed the jury on behalf of appellee, and that the verdict is contrary to the law and to the evidence.

The testimony shows that on the day of the injury appellee and a companion, in a one-horse wagon, with a gentle horse, drove into an alley which extended across Tenth street, in the city of Belleville, and stopped at a place about one hundred feet from said street, and there engaged in unloading some tools and mortar boards from the wagon. When the wagon stopped, his companion got out, and appellee stepped behind the seat, threw the lines across it, and commenced to hand the "stuff" out. While the two men were thus engaged, the horse from some unknown cause started to run. Appellee immediately seized the lines and while making timely and diligent effort to properly guide and control the horse, it ran up on Tenth street; the wagon struck the street car track, was upset, throwing appellee out and breaking both bones of his left arm, from which he suffered great pain, and was unable to work for three months.

He was a brick-layer by trade, and when at work earned forty-five cents per hour, and that was the busy season of the year. His wagon was also broken. The ties and rails of the street car track at the place in Tenth street, were elevated above the surface of the street eight or ten inches, and had been so for many months. As to a number of facts embraced in the foregoing statement the testimony is conflicting, but we state them as the jury might reasonably have found, and as the jury evidently did find them to be.

Appellee asked the court to give the jury two instructions defining the duty of one when surrounded by known danger. The instructions state the law of such cases correctly enough, but the evidence here does not call for the application of the law. The criticism upon appellee's second instruction is hypercritical. The objection urged against appellee's third instruction is, that it assumes that the city had notice of the condition of Tenth street. The instruc-

tion is bad in that respect, but in so far as a bad instruction can be cured by others given which state the law correctly, that was done in this case. The law upon that question is correctly stated in six separate instructions. True, it is omitted in one that ought to have contained it; and also it is true, that in a very close case where there is grave doubt whether substantial justice has been done, each instruction should state the law correctly or there should be a reversal; but in this case there is no such doubt in appellant's favor.

Appellant asked an instruction directing the jury to find for the defendant, which the court refused.

In support of this instruction it is contended that there can be no recovery against the city on account of obstructions or defects in a street, where fright of the injured party's horse, not caused by the condition of the street, in any way contributed to the injury, and Jackson v. The Town of Bellevieu, 30 Wis. 250, Moss v. City of Burlington, 50 Iowa, 438, and Perkins v. Inhabitants of Fayette, 68 Maine, 152, are cited.

The Wisconsin case was for injury to a horse which became frightened, escaped from its driver, broke loose from the wagon, "ran unchecked back through the first field and through another intervening between that and the highway and running along the highway fell into a gully adjacent to the road," and was killed. It was held there could be no recovery, because at the time and place of the injury no one was in charge of the horse to exercise ordinary care, "so as, if possible, by that means to have prevented the injury."

The Iowa case was also for injury to a horse. The horse was hitched to a post, became frightened, broke loose, "ran on Eighth street across Market and down the declivity * * * and was killed."

The court held, on the same grounds as in the Wisconsin case, that there could be no recovery, and says, in substance, if the plaintiff had been in charge of his horse at the time it became frightened he might have been able to guide or check it, so as to have prevented the injury. In the case before

us appellee was in charge of his horse and doing all he could to guide and check it, " so as, if possible, by that means to prevent injury."

The Maine case was for injury to the person of the owner whose horse became frightened, ran and became unmanageable while being driven to a wagon along a public street, and one of the wheels of the wagon struck a rock, which obstructed the street, by which the wagon was upset and the plaintiff thrown out and severely hurt.   The court held that the plaintiff could not recover, because of a statute of that State and prior decisions of their court construing such statute.

No such statute or state of law exists, upon that subject, in this State; and we hold the law to be, that a city may be liable in a proper case even when the defective street is not the sole cause of the injury, provided the injured party was not at fault.

It is further contended that the failure of appellee to tie his horse before commencing to hand the things out of the wagon was negligence *per se;* that when that fact was proven negligence was in law established, and that the court ought for that reason to have instructed the jury to find for the defendant.   Where a statute or ordinance imposes a duty, or characterizes an act as negligent, then proof of the act establishes, in law, negligence.   In such cases negligence is a question of law.   Also where, upon a given state of facts, or where all the facts are undisputed, or where, after conceding as true all that the evidence tends to prove in favor of the party charged with negligence, it is apparent to the court that all reasonable minds will agree in the conclusion that the act and conduct shown do, in fact, constitute negligence, then the court may assume the existence of negligence and apply the law accordingly; or in such case if it is apparent to the court that all reasonable minds will agree that such acts and conduct do not, in fact, constitute negligence, or do, in fact, constitute due care, then the court may assume absence of negligence or existence of due care and apply the law accordingly.   In such cases negligence is deemed to be a question of law.   In

most cases involving common law duty, it is a question of fact for the jury, not only to determine the facts as to the conduct of the party charged with negligence or required to show due care, but also to determine whether or not such facts as are proven, under all the surrounding circumstances and conditions shown by the evidence, do, in fact, constitute negligence. In such cases negligence is a question of fact.

Where the court is in doubt as to whether upon the whole evidence, all reasonable minds will agree as to what material facts are proven, also where the law does not expressly characterize the acts proven, and the court is in doubt as to whether, upon the whole evidence, all reasonable minds will agree that the acts and conduct shown do, in fact, constitute negligence, then a jury must determine.

The duty of appellee was to exercise that care and caution for his own safety, that persons of ordinary prudence would ordinarily exercise under the same or similar circumstances. Appellant relies on Western U. Tel. Co. v. Quinn et al., 56 Ill. 319, and Buckingham et al. v. Fisher, 70 Ill. 121.

In Quinn's case, while some workmen were engaged handling telegraph wire which was rattling and falling, Quinn drove under where the work was going on, backed his wagon against the curb stone and went off and left his horse unfastened and not in charge of any one. The horse took fright at the falling wire and ran away and killed itself. The court held that such conduct on the part of Quinn constituted negligence, but it did not find fault in him for not hitching his horse, but for bringing it to that place of danger and going off and leaving it.

In Fisher's case, his driver drove on to a narrow, steep place on a wharf, hitched the horses to a clog weighing twenty-two pounds, wound the lines around the hub of one of the wheels of his wagon and went into an office to transact business. The horses backed a little, the lines winding up around the hub pulled them back more, and the more they backed the more the lines pulled, until they backed off the wharf and fell into the river and drowned.

The court held that the conduct of the driver constituted

negligence.    These two cases fall within the rule.    It was apparent to the court in these cases that all reasonable minds would agree that the conduct of Quinn and of Fisher's driver constituted negligence.

In applying the rule to appellee's case we must give him the benefit of conceding to be true every fact favorable to his case that there is any testimony tending to prove.    When that is done we have:    Appellee and his companion in pursuance of their ordinary business, in an orderly manner, drove a gentle horse into a quiet alley in the suburbs of the city, stopping at a point a hundred feet away from any street car line, and two hundred feet away from any steam railroad, nothing in the vicinity or likely to be, in the least calculated to frighten a gentle horse.    When they had stopped appellee's companion got out of the wagon and stood alongside it and appellee stepped over the seat, laid the lines across it and began to hand out the things.    The horse without their fault became frightened and started to run; appellee immediately seized the lines and did all he could to guide and check the horse.    This case does not fairly fall within the rule applied to the cases of Quinn and Fisher.

It is not apparent to the court that all reasonable minds will agree that this conduct was negligence.    Negligence in such case is not a question of law for the court, it is a question of fact for the jury.    The court properly refused to instruct the jury to find for the defendant.

The amount of damages assessed by the jury in this case is grossly inadequate, but no cross-errors are assigned.    The judgment of the Circuit Court is affirmed.