### Nelson Morris, Edward Morris, Herbert Morris and Frank E. Vogel, Partners as Nelson Morris & Co. v. William O'Brien.

1. EVIDENCE—*Under Allegations as to Defective Elevator.*—Under an allegation that the defendant maintained and operated a defective and unsafe elevator, it is competent to show that there were no safety catches on the elevator.

2. NEGLIGENCE—*Where the Court Will Assume its Existence.*—Where upon a given state of facts, or when all the facts are undisputed, or

Morris v. O'Brien.

when, after conceding as true all the evidence tends to prove in favor of the party charged with negligence, it is apparent that all reasonable minds will agree that the facts and conduct shown, do in fact constitute negligence, the court may assume its existence and apply the law accordingly.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFFER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

HAMILL & BORDERS, attorneys for appellants.

RAFTER & McGLYNN, attorneys for appellee; G. A. KOERNER, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case, in the Circuit Court of St. Clair County, by appellee against appellant, to recover damages for a personal injury.

To the declaration appellant pleaded not guilty. Trial was by jury. Verdict and judgment in favor of appellee for $1,000.

Appellant's counsel argue, as grounds for reversal, that the court erred in admitting improper evidence on behalf of appellee; that the court erred in giving two certain instructions on behalf of appellee; that the court erred in refusing to give one instruction asked on behalf of appellants, and that the absence of safety appliances was not the proximate cause of the injury complained of.

Appellants owned a large establishment at the National Stock Yards near East St. Louis, and were engaged in the business of slaughtering cattle, sheep and hogs, and packing and marketing the meats and other products. They had in their employ several hundred men and maintained and operated a number of elevators in their establishment, to carry the employes and products from one floor to another. The building was four stories high. Appellee was an employe of appellants, and had been in their service for about one year immediately prior to the injury. He was about forty-five years old. His duties were to inspect the

meats and arrange them in different grades or classes for the market. On the 2d day of September, 1897, appellee was directed to go from the cellar to one of the upper floors to inspect some hams. To reach the floor where the hams to be inspected were, he entered one of the elevators, on which were four other employes and one empty truck. When they had ascended about thirty feet the elevator rope broke, and the elevator with its occupants fell suddenly to the cellar. Appellee was seriously injured in one ankle and foot; all the joints of his foot were injured. He was confined to the hospital for about eight weeks, was totally disabled from following his ordinary business for many months and is probably to some extent permanently injured. The elevator was what is known as a friction elevator and was run by steam. It was supported while being raised and lowered by one two-inch manila rope. The rope had been in use about three or four weeks. The elevator was constructed without safety catches or other appliance for arresting the fall or lessening the shock in case the rope should break.

The evidence complained of is:

"There were no safety catches on the elevator. Dogs and catches are generally fastened on the side of elevators, and in case the rope breaks the dogs slip into the sides and hold the elevator. When the pressure would be on and the rope drawn tight, the catches would be drawn out of the dogs. The object of these catches, or dogs, is to make the elevator more safe, so that when the rope would break the elevator could not fall."

The admission of this testimony was objected to "on the ground that there are no allegations in the declaration which would make any evidence in regard to safety appliances proper."

Appellants' counsel state that appellee's "cause of action, as stated in his declaration, is based entirely upon the breaking of the elevator rope." We do not so understand it. The fact that the rope broke is not made the base or substance of any charge of negligence. It is only incidentally mentioned, by way of recital, "upon the breaking or parting of a certain rope," etc.

Morris v. O'Brien.

The various acts of negligence are all stated in general terms, are embraced in one consolidated charge, and as a whole the statement is somewhat involved. It is not artistically framed, but its sufficiency is admitted by the plea.

Fairly interpreted the declaration charges that:

Appellants negligently maintained for use of their servants a defective and unsafe elevator, upon which appellee was being carried.

Appellants negligently maintained for use of their servants defective and unsafe appliances, belonging to an elevator upon which appellee was being carried.

Appellants carelessly operated a defective and unsafe elevator, upon which appellee was being carried.

Appellants carelessly operated unsuitable and unsafe appliances belonging to an elevator upon which appellee was being carried.

Appellants negligently suffered an elevator, upon which appellee was being carried, to become defective and unsafe.

Appellants negligently suffered appliances, belonging to an elevator upon which appellee was being carried, to become defective and unsafe. Whereby, "upon the breaking or parting of a certain rope or appliance," the elevator suddenly fell to the cellar, thereby breaking appellee's ankle, etc.

The testimony objected to clearly tends to prove the charges that appellants maintained a defective and unsafe elevator, and that they operated a defective and unsafe elevator.

Counsel contend that there is such error in two of the instructions given by the court on behalf of appellee as calls for a reversal of this case.

The first objection urged against these instructions is, that they are based upon improper testimony. They are both based, in some degree, upon the evidence above discussed, and as we hold that evidence was properly admitted, that objection is not well taken.

One of these instructions is as follows:

"The court instructs the jury that it is the legal duty of

a master to use reasonable care and diligence to provide for the use of his servant reasonably safe machinery and appliances for the execution of the work the servant is called upon to perform; and if you believe from the evidence in this case that the defendant had failed to use such reasonable care and diligence to provide an elevator and appliances there belonging in question, and the plaintiff, while in the exercise of due care and caution for his own safety, was injured by reason of the unsafe condition of said elevator and appliances, and that while in the performance of his duty to his employers, plaintiff was rightfully using said elevator, then you should find the defendants guilty."

It is contended that in this instruction "the court told the jury that the plaintiff was injured by reason of the unsafe condition of said elevator and appliances." We are of opinion the clause "if you believe from the evidence in this case" applies also to the clause "was injured by reason of the unsafe condition of said elevator and appliances," and that the jury could not have understood the instruction to mean otherwise.

As to the other of these instructions it is contended that in it "the court told the jury that such safety appliances would break or prevent the fall of the elevator."

The language in the instruction is, "if you believe from the evidence that there were no safety appliances or catches to break or prevent the fall of the elevator," etc. In our opinion the language used does not warrant the construction put upon it by appellants' counsel. It is also contended that this instruction assumes that appellants "did not use ordinary and reasonable care to provide a reasonably safe elevator." The language of the instruction in this respect, while not likely to be understood by a jury as contended by appellants, might be so understood; but the uncontradicted and undisputed evidence in this case conclusively proves, that the elevator provided by appellants and used by them for carrying their hundreds of employes, was operated to a height of fifty feet, supported by a single rope, with no second rope or cable upon which the weight might, in any emergency fall; that there were no safety catches, automatic stops, appliances nor provisions

of any kind, to keep the elevator from falling or to arrest its fall, in case the rope should break; that the object of such safety appliances is to make the elevator more safe; that when provided, they do make it more safe; that such appliances are in general use; that an elevator to be reasonably safe should have such appliances; that a rope may break with six hours use; and no explanation or excuse of any kind was offered by appellants for not equipping the elevator in question with some kind of safety appliance. Under the evidence in this case, even if the instruction does assume as contended, it is not error. In City of Belleville v. Hoffman, 74 Ill. App. 503, it is said:

" Where, upon a given state of facts, or when all the facts are undisputed, or when, after conceding as true all the evidence tends to prove in favor of the party charged with negligence, it is apparent that all reasonsable minds will agree that the acts and conduct shown do in fact constitute negligence, the court may assure its existence and apply the law accordingly. "

The principal portion of appellants refused instructions, is wholly unsupported by any evidence or by any fair inference that might be drawn from any evidence, and all there is of it that was proper to be given to the jury is embraced in their seventh instruction as given.

As to appellants' contention, that " the absence of safety appliances was not the direct or proximate cause of appellee's injuries," the authorities relied on by appellants are not applicable to the facts of this case as we understand them. The negligence of appellants in failing to exercise reasonable diligence to maintain, for use of their servants, a reasonably safe elevator, and their negligence in operating (using) a defective and unsafe elevator, in which to carry their servants, was the proximate cause of appellee's injury.

The judgment of the Circuit Court is affirmed.