## Herman Van Pelt v. New Athens Milling Co.

1. NEGLIGENCE—*Where a Question of Law.*—Where, after conceding as true all that the evidence tends to prove in favor of the party charging negligence, it is apparent to the court that all reasonable minds will agree in the conclusion that such facts and conduct do not, in fact, constitute negligence, then the court may assume the absence of negligence, and direct a verdict and render judgment accordingly.

2. VERDICT—*When to be Directed in Favor of Defendant.*—Where the evidence does not tend to prove the negligence charged, it is the duty of the trial court to direct a verdict in favor of the defendant.

Trespass on the Case, for personal injuries.   Error to the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge presiding.   Heard in this court at the August term, 1902.   Affirmed.   Opinion filed March 2, 1903.

TURNER & HOLDER, attorneys for plaintiff in error.

PERCY WERNER, attorney for appellee; DILL & WILDERMAN, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of St. Clair County, by plaintiff in error against defendant in error, to recover for a personal injury.   At the close of plaintiff's evidence, the court, upon motion of defendant, directed the jury to return a verdict in favor of defendant, and rendered judgment on the verdict against plaintiff for costs.

Defendant in error owned and operated a flouring mill. Plaintiff in error was in the employ of defendant as "oiler."   His duties were to oil the machinery.   The only charge of negligence is, that defendant failed to furnish

sufficient light to enable plaintiff to perform his work in safety.

The injury occurred about half past six o'clock on the evening of November 11, 1901. Plaintiff's hand was caught in the machinery, while oiling some cogs, and quite seriously injured.

The mill was lighted by electricity. There were five or six lights on the floor where the injury occurred. They were suspended from the ceiling by cords. The cords were adjusted so as to bring the lights about even with plaintiff's head, but they could be extended by pulling the slack out of the cords, and in this way the position of the light could be adjusted to the needs of the oiler. There were also five lanterns on the first floor, at the stairway, which might be lighted and used in case more light was needed. Plaintiff was twenty-six years old; had been engaged in this service and had been performing the duties of oiler for more than a year. His hours of work during this entire service embraced a portion of the night time; part of the time from midnight to noon, and part of the time from noon to midnight. He was on the floor where the injury occurred every night he worked. There is no evidence that any complaint, or suggestion that the lights were insufficient, was ever made to defendant by plaintiff or any one else.

We have carefully considered all the evidence and are of opinion that it does not tend to prove the negligence charged. In such case, it is the duty of the trial court to direct a verdict in favor of defendant.

Counsel for plaintiff in error contend that whether a given state of facts constitutes negligence is a question of fact for the jury to determine, and not a question of law for the court.

Where common law negligence is charged, as in the case at bar, such is usually the case; but where, after conceding as true all that the evidence tends to prove in favor of the party charging negligence, it is apparent to the court that all reasonable minds will agree in the conclusion that such

acts and conduct do not, in fact, constitute negligence, then the court may assume the absence of negligence, and direct a verdict and render judgment accordingly. City of Belleville v. Hoffman, 74 Ill. App. 503.

The judgment of the Circuit Court is affirmed.