# PHILAD. TRACTION CO. v. MORRIS BERNHEIMER.

| 125 | 615 |
| 132 | 513 |
| 125 | 615 |
| 134 | 201 |

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADEL-
PHIA COUNTY.

Argued April 10, 1889—Decided April 22, 1889.
[To be reported.]

*(a)* In an action for damages for injuries to the plaintiff's horse caused by
being struck by a cable car, the only testimony as to the company's neg-
ligence was that of the defendant himself, who testified: That his horse,
frightened by the ringing of the car bell, pulled the hitching strap from
his hand and started off, reaching the car track when the car was about
eighteen feet away; and that "the gripman could have stopped the car
and have seen the horse."

1. It was not negligence to ring the bell of the car,—it would have been
negligence not to have done so; and, the witness knowing nothing of
the handling or stopping of the cable car, there was no sufficient evi-
dence upon which to submit the question of the defendant company's
negligence to the jury.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and
McCOLLUM, JJ.

No. 240 January Term 1889, Sup. Ct.; court below, No. 147
December Term 1886, C. P. No. 1.

On January 4, 1887, a summons in case was issued in an
action brought by Morris Bernheimer against the Philadelphia
Traction Company. The declaration charged injuries to the
plaintiff's horse and carriage caused by the negligence of the
defendant company's employees. Issue.

At the trial on October 24, 1888, the only witness called was
the plaintiff himself, who testified that he was a coal dealer,
and that on October 28, 1886, his horse, attached to his
carriage, was hitched to an awning post on the south side of
Market street, about twenty feet east of Fourth, between 2:30
and 3 p. m. He proceeded:

"I had just taken the hitching strap off, and a cable car
came along ringing bell, I thought very loudly. My horse
pulled strap from my hand. There were some boxes in way,
and I could not get around to reach him, and cable car struck

Charge of Court below.

him, and I ran down Market street after my horse and wagon. The ringing of the bell started the horse. He had never started off before. I think the car could have been stopped before it touched the horse. When the horse reached the track the cable car was about eighteen to twenty feet off (witness indicating distance from witness-stand to court-room wall, about eighteen or twenty feet). The gripman could have stopped the car and have seen the horse. On Market street near Third, the shafts of my wagon ran into another horse.

"I had to sell him. I traded him and made a loss of seventy-five dollars. The repair of my carriage cost me twenty-nine dollars and fifteen cents. A bill of six dollars has been presented to me for injuries to the other horse."

Cross-examined: "I was standing on pavement when horse pulled the strap from my hand. The ringing of the bell got him to jerk the rein out of my hand. The horse was tied alongside the curb. Car was coming on south track and had got to east side of Fourth; it might have been passing over. Horse ran faster than I did after he was struck."

To the court:

"I leaned over boxes and undid the hitching strap. To get into the carriage I would have to go around the boxes."

The plaintiff then rested.

The court, BREGY, J., charged the jury and answered certain points presented, as follows:

[Unless the jury believe that the gripman saw the horse and could have stopped his car in time to prevent the accident, the plaintiff cannot recover. If seeing it and having time to stop he did not stop, and thus caused damage to the plaintiff, the company must pay the damage thus caused.

If the company rang the bell to warn people of the approach of the car, if they did not do so in an unreasonable manner, the defendant would not be liable for any accident occasioned thereby.] [5]

The counsel for the defendant requests the court to charge:

1. Not only was the ringing of the car-bell no evidence of negligence, but it was the positive duty of the gripman to ring it, and an omission of this duty would in itself have been evidence of negligence [and your verdict must be for the company defendant].

Arguments.

Answer: Affirmed, except the portion in [ ]¹

2. The defendant is not liable for an accident occurring by the fright of a horse caused by the usual noises incident to the running of a car, or by the sounding of the usual warnings of its approach [and your verdict must be for the company defendant].

Answer: Affirmed, except the portion in [ ]²

3. The defendant, by its charter, has the right to operate its cars by cable-motor upon Market street, and it is not liable for any damages resulting from the ordinary legitimate and careful use of the highway [and your verdict must be for the company defendant].

Answer: Affirmed, except the portion in [ ]³

4. Under all the evidence in this case your verdict must be for the defendant.

Answer: Declined.⁴

The jury returned a verdict in favor of the plaintiff for $110.15. A rule for a new trial having been discharged, judgment was entered upon the verdict, when the defendant company took this writ, assigning for error:

1–4. The answers to the defendant's points.¹ to ⁴

5. The charge to the jury embraced in [ ]⁵

*Mr. David W. Sellers*, for the plaintiff in error:

1. Cited upon the propositions contained in the defendant's points, respectively: (1) Philad. etc. R. Co. v. Stinger, 78 Pa. 219; Fouhy v. Railroad Co., 17 W. N. 177. (2) Drayton v. Railroad Co., 10 W. N. 55. (3) Section 6, act of June 13, 1883, P. L. 123; Commonwealth v. Reed, 34 Pa. 275; Cleveland etc. R. Co. v. Speer, 56 Pa. 325; Struthers v. Railway Co., 87 Pa. 282.

2. It is to the proximate cause, the jury must be referred. If the ringing of the bell was negligent, then the defendant would be liable. If it was not, then intervening factors after the fright set in, are not to be considered: Pittsb. South. Ry. Co. v. Taylor, 104 Pa. 314; South Side Pass. Ry. Co. v. Trich, 117 Pa. 390. There was no evidence to justify an inference of negligence: Phil. & R. R. Co. v. Yerger, 73 Pa. 121; Jennings v. Railroad Co., 93 Pa. 340.

Opinion of the Court.

*Mr. Jacob Singer* (with him *Mr. Emanuel Furth*), for the defendant in error:

1. The issue in dispute, as clearly presented by the evidence, was whether the gripman could see the plaintiff's horse and carriage across the track when he was twenty feet away, and if he could, (and there neither was nor could be any dispute about his being able to see, if he was performing his duty,) and might have stopped the car and did not, and thus struck plaintiff's horse and damage resulted, the plaintiff was entitled to recover.

2. The instructions to the jury upon the ringing of the bell, by the court's affirmance of the points mentioned and in the general charge, were substantially the same as were approved by this court in Philad. etc. R. Co. v. Killips, 88 Pa. 410. It is no excuse that the act occasioning an injury, is in itself lawfully done in the exercise of a lawful right, if the injury arose from the negligent manner in which it was done: Penn. R. Co. v. Barnett, 59 Pa. 264.

3. The efficient and probable cause of the injury in this case, was the negligence of the gripman in failing to stop the car and thus to avoid striking the plaintiff's horse, lawfully upon the public highway. While the ringing of the bell first started the horse, he did not run away until after he was struck by the car, and if the gripman had stopped the car, which the evidence showed he could have done, the accident would not have happened: Penn. R. Co. v. Hope, 80 Pa. 377; Hoag v. Railroad Co., 85 Pa. 293.

OPINION, MR. CHIEF JUSTICE PAXSON:

The horse of the plaintiff below was hitched to an awning post on the south side of Market street, about twenty-two feet east of Fourth street. The plaintiff, while standing on the pavement, with some boxes between the horse and himself, untied the hitching strap. Just then a cable car came along and the ringing of the bell alarmed his horse and it broke away from him. He testified: "My horse pulled strap from my hand. There were some boxes in the way, and I could not get around to reach him, and cable car struck him, and I ran down Market street after my horse and wagon. The ringing of the bell started the horse. . . . . . I think the car could

have been stopped before it touched the horse.  When the horse reached the track the cable car was about eighteen to twenty feet off.  The gripman could have stopped the car and seen the horse."  No other witness appears to have been called.

We may safely conclude from his own statement that the plaintiff was not a horseman.  No one accustomed to such animals would ever think of unhitching his horse in a crowded street, with a pile of boxes between the horse and himself, which obliged him to go around them before he could take hold of it.  Had the boxes not been in his way he could have held his horse when frightened by the bell.  It was an act of gross negligence to unhitch it in the manner he did, and had the point been raised upon the trial, should have prevented a recovery.  We decide the case, however, upon other grounds.

There was no evidence of negligence on the part of the company.  It was not negligence to ring the bell as the car approached Fourth street. ˎ It would have been negligence not to have done so.  Was it negligence in the gripman not to stop the car in time to prevent a collision ?  Upon this point there was no sufficient evidence to submit to the jury.  It is true the plaintiff said, " I think the car could have been stopped." Afterward he was more positive and said, " The gripman could have stopped the car."  This was a mere opinion, based upon no knowledge or experience in handling or working cable cars. In Fischer v. The Ferry Company, 124 Pa. 154, it was said of an inexpert witness, who had testified that the pilot of a steamboat might have changed its course in time to have avoided a collision, " He was a mere passenger ; he knew nothing of navigation, or the handling of a steamboat, and it would be as rational to call a cobbler as an expert in medical science, as to permit a jury to render a verdict upon such testimony as this."  The plaintiff in this case knew nothing of handling or stopping a cable car ; he did not even know how to manage his horse, and it would be unjust to let this question of fact go to the jury upon such testimony.  The gripman was not bound to know that the horse would run against his car.  It was only eighteen feet from the car when it reached the track, and the car would move that eighteen feet in less than a second of time.

The assignments of error are all sustained. There was no question of negligence to submit to the jury.

Judgment reversed.