BURNS v. TOWN OF FARMINGTON.

(Supreme Court, Appellate Division, Fourth Department. June 18, 1898.)

1. HIGHWAYS—OBSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.
    Where an irregular pile of wood was lying close beside the traveled part of a road for several weeks, it was a question for the jury whether a man of ordinary intelligence and experience with horses and highways should have foreseen that it was likely to frighten horses.

2. SAME—NEGLIGENCE OF COMMISSIONER.
    Where an irregular pile of wood was left lying close beside the traveled track of a highway for about five weeks, and the commissioner of highways saw it after it had lain there two or three weeks, after which time plaintiff's horse was frightened by it, and ran away, injuring him, it is

a question for the jury whether said commissioner, having sufficient funds available to remove it, was negligent in allowing it to remain.

**8. OPINION EVIDENCE—WHEN COMPETENT.**
> Opinions of witnesses that a pile of timber beside a road was not likely to frighten horses are incompetent, as trenching on the province of the jury.

Appeal from special term.

Action by John Jerome Burns against the town of Farmington. There was a verdict for defendant by direction of the court, and plaintiff, having excepted, and moved for a new trial on the minutes, which was denied, appealed. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Frank Rice, for appellant.

Walter H. Knapp, for respondent.

FOLLETT, J. This action was begun July 20, 1897, to recover damages for personal injuries, caused, it is alleged, by the negligence of the defendant. About February 28, 1897, 10 or 12 cords of hub timber were piled by its owner within the bounds of the public highway, and near the traveled track thereof. Between the 8th and 20th of March a large part of this timber was drawn away by the purchaser, but a portion of it was left lying in an irregular-shaped pile within about three feet of the beaten track of the highway, until after April 6, 1897. This timber consisted of round sticks, varying in diameter from 4 inches to 12 inches, and was 4 feet and 4 inches in length. About 10 o'clock in the evening of April 6, 1897, the plaintiff was riding in a buggy drawn by one horse shown to have been gentle, and while passing this timber the horse was frightened by it, overturned the buggy, and severely injured the plaintiff. The evidence shows that this plaintiff was free from contributory negligence. Five witnesses testified that horses described as gentle were frightened by this timber when driven past it. On the other hand, eight or nine witnesses testified that they had driven past it, and that their horses were not frightened. The defendant's commissioner of highways lived within a mile and a half of the obstruction, and saw it between the 10th and 20th of March. At this time he had in his hands about $1,000 of highway money, but took no steps to remove the timber, or to compel the person who left it there to remove it. At the close of the evidence the court directed a verdict for the defendant, to which direction the plaintiff excepted, and moved for a new trial on the minutes, which was denied.

The court erred in directing a verdict for the defendant, and in denying plaintiff's motion for a new trial. The evidence presented two questions of fact which should have been submitted to the jury: (1) Whether a man of ordinary intelligence and experience with horses and highways should have foreseen that this irregular pile of timber, lying by the roadside, was likely to frighten horses; and (2) was the defendant's commissioner of highways negligent in permitting this timber to remain upon the roadside from March 1 to April 6, 1897? Had both questions been found for the plaintiff, he,

if he were free from contributory negligence, would have been entitled to a verdict. The rule laid down in Tinker v. Railroad Co., 71 Hun, 431, 24 N. Y. Supp. 977, and Id., 92 Hun, 270, 36 N. Y. Supp. 672, and Stewart v. Manufacturing Co., 13 N. Y. St. Rep. 220, is applicable to the case at bar. Four witnesses sworn for the defendant were permitted to express their opinions that the pile of timber was not likely to frighten horses. This evidence was received over the objection of the plaintiff that the opinions of the witnesses were not competent. The location, size, and appearance of the pile of timber were described by the witnesses, and photographs of the timber were produced, and the question whether it was likely to frighten horses was for the jury, and not a question to be determined by the opinions of witnesses. Ferguson v. Hubbell, 97 N. Y. 507; Lawson, Exp. Ev. 22.

The order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.