ISAAC HORR *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Hampshire.    September 18, 1906. — October 17, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Nuisance.    Negligence.    Railroad.*

In an action against a railroad company for personal injuries caused by the horse of the plaintiff running away when frightened by a number of mail bags allowed by the defendant to lie on a pile of snow in the highway near the travelled path, there was evidence that the plaintiff was in the exercise of due care and that the horse he was driving was gentle and well broken, that the mail bags were placed on a pile of snow about six feet from the railroad tracks at a grade crossing of the highway and were three or four feet from the sleigh track or travelled path of the highway, that the accident happened about seven o'clock in the morning, that the mail bags had arrived at twenty-five minutes before that hour and were during that time, and thereafter until their delivery at the post office, in the custody and under the control of the defendant.    *Held,* that there was evidence upon which a jury might find that the mail bags were piled

up in such a manner and in such proximity to the travelled part of the highway as to be likely to frighten horses, ordinarily gentle and well broken, while travelling upon the way, and thus to constitute a menace to public travel, and also might find that the defendant, knowing through its servants the position of the bags, negligently suffered them to lie there a longer time than reasonably was necessary and thereby to become a nuisance, and that the case should have been submitted to the jury.

TORT for personal injuries alleged to have been sustained while driving in a sleigh on Payson Avenue in Easthampton, by reason of the plaintiff's horse becoming frightened by a number of mail bags lying in that highway in the custody and control of the defendant, its agents and servants. Writ dated April 14, 1904.

At the trial in the Superior Court before *White,* J. the following facts were shown by the plaintiff's evidence:

Payson Avenue is a public way in the town of Easthampton and crosses at grade the tracks of the defendant. On the morning of January 25, 1904, the plaintiff with his daughter left home about twenty minutes before seven o'clock for the purpose of carrying his daughter to her work in the Glendale Mill in Easthampton. The plaintiff's house was from a mile and a quarter to a mile and three quarters from this crossing. Upon their way they picked up one Strangford, who seated himself on the right hand side of the sleigh, the daughter being upon the left and the plaintiff, who was driving, being seated between them. About seven o'clock, about ninety feet before reaching the crossing, the plaintiff drove across a spur track, the horse travelling at the rate of about six miles an hour. Near the gate tender's house there was a large bank of snow which appeared to have been thrown from the track and from the path leading from the gate tender's house to the tracks. The plaintiff was driving in an easterly direction and this pile of snow slanted in that direction. Lying upon the slanting or easterly side of this pile of snow, and within the limits of the highway, were a number of mail bags. These bags were not visible to a traveller on Payson Avenue travelling in an easterly direction until he was directly opposite them. When the sleigh reached the point where the mail bags lay, the horse snorted, leaped to one side and ran ; the occupants of the sleigh were thrown out and the plaintiff was injured. It further appeared that the mail

bags arrived at twenty-five minutes before seven o'clock, and were in the highway at seven o'clock, and it was agreed that the bags were in the custody and under the control of the defendant during all that time and thereafter until delivered at the post office. It further appeared that the horse was a gentle, docile, safe mare, who had no bad habits, and that during all the time the plaintiff had possessed her she never before or afterwards had shied, plunged or run away, or ever had attempted to do any of these things.

The plaintiff was asked how far the bags were from the sleigh path, and said " I should judge from what I could see when I went by they were not more than three feet from the track." Strangford testified that " the mail bags were three or four feet from the sleigh path and five or six feet back from the railroad track." The plaintiff's daughter testified " The mail bags were about four feet from the sleigh track. The sleigh, when the mare lurched, was in the sleigh track."

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. L. Shaw,* for the plaintiff.

*J. C. Hammond,* for the defendant.

HAMMOND, J.  Upon the evidence a jury might find that the mail bags were piled up in such a manner and in such proximity to the travelled part of the highway as to be likely to frighten horses, ordinarily gentle and well broken, while travelling upon the way, and thus to constitute a menace to public travel; and they might further find (although upon this point the case is close) that the defendant, knowing through its servants the nature of the obstruction, negligently suffered the bags to lie in that position a longer time than was reasonably necessary and that thereby the bags became a nuisance. There was also evidence of the due care of the plaintiff, and that the horse was ordinarily gentle and well broken. The case therefore should have been submitted to the jury. *Bemis* v. *Temple*, 162 Mass. 342, and cases therein cited. *Lynn* v. *Hooper*, 93 Maine, 46, and cases there cited.

At the argument before us it was stated by the counsel for the defendant that the place where the bags lay was also within the limits of the railroad location, but since that does not appear

on the record and the plaintiff did not agree that the case should be treated by us as though that statement were true, we have not considered what difference, if any, in the law of the case would be made by such a fact.

*Exceptions sustained.*