DANIEL W. SIMONDS

*vs.*

MAINE TELEPHONE AND TELEGRAPH COMPANY.

Somerset.    Opinion November 19, 1908.

*Ways.    Telephone Company.    Suitable Appliances for Erecting Poles and Wires not Nuisances Per Se.    Horses.    Verdict.*

1.  Authority given by a municipality to a telephone company to erect and maintain telephone poles and wires on its streets carries with it the right to use at needful places on the streets suitable appliances for such erections and maintenance.

2.  Such appliances at such places on the streets, though they are likely to frighten well broken horses carefully driven, are not nuisances per se.

3.  A reel three feet long and four feet in diameter with lead pipe coiled upon it, and placed next the side walk in the line of telephone poles for the present purpose of stringing the pipe on the poles to enclose telephone wires, and leaving ample room for the travel along the street, is not shown to be an unsuitable appliance or in a needless place, and so is not a nuisance, though so placed it is likely to frighten well broken horses carefully driven.

4.  Owners and drivers of horses have no monopoly of the public streets and must accustom their horses to the appearance of, at least, such inert objects as are lawfully thereon.

5.  A verdict not directed can be set aside on motion if from the whole record it appears clearly wrong.

On motion by defendant.    Sustained.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by an alleged obstruction consisting of a large reel containing "new bright telephone cable," placed by the defendant in Main street, Madison Village, and thereby constituting an alleged nuisance, whereby the plaintiff's horse became frightened and ran away and the plaintiff was thrown out of his wagon and injured.    Plea, the general issue.    The plaintiff recovered a verdict for $695.25, and the defendant then filed a general motion for a new trial.

The case appears in the opinion.

*Bernard Gibbs*, for plaintiff.

*Butler & Butler*, for defendant.

SITTING:   EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, KING, BIRD, JJ.

EMERY, C. J.   The defendant telephone company had acquired from the proper authority the right to erect and maintain in Main street and other streets in Madison Village "telephone poles and wires to be placed thereon together with such supporting and strengthening fixtures and wires as the company might deem requisite." In the erection of its plant there the company made use of cables or groups of wires enclosed in lead pipe a little over an inch in diameter and strung upon its poles. The lead pipe used came from the factory wound on wooden reels three feet in length and four feet in diameter and so constructed that they could be mounted on axles and the pipe be unwound from them into its proper place in the plant. On May 11, 1907, the defendant's foreman of construction in Madison sent men to Main street to prepare for stringing and to string such wires and cables on the poles already erected in that street. For this work some of the men under his direction placed one of these reels of lead pipe on the side of the street next the sidewalk and in the line of the poles upon which the cables were to be strung. While the men were at work upon the poles and wires preparing to string the cables and pipe, but before they had begun to unwind the pipe from the reel, the plaintiff came driving his horse along the street toward the reel when the horse became frightened from the appearance of the reel, or of the lead pipe wound around it, and ran away to the plaintiff's injury.

The plaintiff's horse was an ordinarily well broken horse and was being driven with ordinary care. The reel and pipe were inert, not in operation, and were placed close to the sidewalk leaving ample room for the public travel, but were of such appearance as would be likely to frighten well broken horses unaccustomed to them, though in this case it is uncertain whether it was the appearance of reel or the brightness of the pipe that caused the fright. There was no evidence that the company was any more aware than the plaintiff that the reel was likely to frighten horses.

Upon the foregoing facts established by the evidence the plaintiff contends in support of the verdict that the reel and pipe were, at the time and place, per se an unlawful obstruction to public travel in the street.   In his declaration and in his evidence he bases his claim for damages on that proposition alone.   He does not complain of any negligence in the operation or care of the reel and pipe.

We do not think the proposition can be sustained.   Having the right to erect and maintain its poles and string on them its wires and cables where it did in the street, the company had the concomitant right to use suitable appliances there for and in reasonably needful places.   For the work of stringing on the poles the wires and lead pipes enclosing them, some kind of a reel was appropriate and needful, and it needed to be in the street in the line of the poles.   There is no suggestion in the evidence that any other kind of a reel, larger, smaller or of different shape or color, would have been less likely to frighten horses, or that it could have been so located as to be still serviceable and less startling to horses.   Indeed, so far as appears, the horse would have been equally frightened by the bright lead pipe coiled on the ground or in a cart.

It is not the law that economic progress is to be arrested or even turned aside, whenever a well broken horse, carefully driven, is frightened or likely to be frightened thereby.   To say that well broken horses, carefully driven, must not be frightened, is to say that no new appliance, however useful, shall be used on or near highways.   It is common knowledge that all horses, even those well broken and carefully driven, are liable to be frightened by any unaccustomed appearance or noise, and indeed by accustomed appearances and noises in unaccustomed situations ; that they are susceptible to fright from the most trivial things; that their vagaries are unforeseeable, and that it is practically impossible to guard against them.   On the other hand, it is equally common knowledge that well broken horses can ordinarily be so accustomed to appearances and noises as not to be at all frightened by them.

In this age of economic progress it is the more reasonable and workable, and hence the legal rule, that owners and drivers of

horses should recognize that the highways are not exclusively for their use ; that other and new instrumentalities for transportation and transmission, and appliances for their construction and maintenance, are often legally allowed upon the highways ; and that they should early accustom their horses to whatever new conditions thus arise and be on their guard against them. In this case it was as much incumbent on the plaintiff as on the defendant to foresee that his horse might be frightened by the reel or the lead pipe, and have taken measures to avoid or prevent the possible consequences. The reel and the lead pipe being otherwise lawfully where and when they were in the street, the mere fact that they were likely to frighten horses unaccustomed to them did not make their presence there unlawful. The consequences of the fright must therefore remain where they fell. *Farrell* v. *Oldtown*, 69 Maine, 72 ; *Winship* v. *Enfield*, 42 N. H. 197 ; *Hughes* v. *Fond du Lac*, 73 Wis. 380 ; *Thompson* v. *Dodge*, 58 Minn. 555, 28 L. R. A. 608; *Steiner* v. *Phila. Traction Co.*, 134 Pa. St. 199, 19 Atl. 491.

The plaintiff further claims, however, that the defendant should have brought the case to the Law Court upon exceptions to the rulings of the presiding Justice instead of upon a motion to set aside the verdict, and cites in support of his claim, *Stephenson* v. *Thayer*, 63 Maine, 143. It was not necessary for the defendant to except and rely upon exceptions to the rulings of the presiding Justice, no verdict having been directed. A verdict not directed can be set aside on motion if from the whole record it appears clearly wrong.

*Motion sustained.*
*Verdict set aside.*