(173 App. Div. 390)

## LYMAN v. VILLAGE OF POTSDAM.

(Supreme Court, Appellate Division, Third Department.   May 18, 1916.)

1. MUNICIPAL CORPORATIONS ☞755(1)—STREETS—DUTIES OF CITY—OBSTRUCTIONS.

It is the duty of a municipality to keep its streets free from obstructions.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1587, 1589, 1590; Dec. Dig. ☞755(1).]

2. MUNICIPAL CORPORATIONS ☞766—STREETS—DUTIES OF CITY—OBSTRUCTIONS.

Where the officers of a municipality invited the citizens to place their rubbish in the streets, and the city undertook to remove it, it was liable for injuries to a traveler by reason of rubbish left in the streets, with knowledge of the officers, for more than two hours.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1621, 1622; Dec. Dig. ☞766.]

3. MUNICIPAL CORPORATIONS ☞736—STREETS—OBSTRUCTIONS—"NUISANCE."

Where the officers of a municipality invited the citizens to deposit rubbish in the streets, which the city undertook to remove, the deposit, and failure to remove it within a reasonable time, was a nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1552; Dec. Dig. ☞736.

For other definitions, see Words and Phrases, First and Second Series, Nuisance.]

Kellogg, P. J., dissenting.

Appeal from Trial Term, St. Lawrence County.

Action by Elsie E. Lyman against the Village of Potsdam. Judgment dismissing the complaint, after special verdict for plaintiff, and she appeals. Reversed, and new trial granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

George J. Moore, of Malone, for appellant.
Frank L. Cubley, of Potsdam, for respondent.

PER CURIAM. [1-3] It is the duty of a municipality to keep its streets free from obstructions. Here the municipality invited obstructions. The rubbish was not kept within the limits of the premises of the property owners, but was deposited in the streets by invitation of the village officers, who seem to have assumed the responsibility of removing undesirable objects for the benefit of the residents, instead of requiring or at least allowing the residents to do that work for themselves. It may have been public-spirited, and for that reason commendable; but the village was not for that reason relieved from its responsibility. A nuisance was created with the consent and on the

invitation of the village authorities. Two hours before the accident the president of the village drove through the streets and saw the particular obstruction which caused the accident in question. He did not direct its removal by the owner or take any steps in anticipation of the accident. The facts presented required the submission of the case to the jury, and the dismissal of the complaint was error. If the trial justice deemed the evidence weak or unsatisfactory, he might properly have set aside the special verdict, as against the weight of evidence, and granted a new trial. Under the circumstances, instead of reinstating the verdict, a new trial is ordered on this appeal.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide the event.

KELLOGG, P. J., dissents.