ELSIE E. LYMAN, Respondent, v. THE VILLAGE OF POTSDAM, Appellant.

Villages — streets — safety of travelers using streets — duty of village trustees in construction and maintenance of streets — negligence — when village not liable for accident arising from obstruction in street.

1. An incorporated village is not an insurer of the safety of travelers upon the streets of the village. Reasonable care in the construction and maintenance of the streets is the measure of duty resting upon the board of trustees of the village and liability of the village rests upon a violation of this duty.

2. A legal encroachment or obstruction in a village street which is temporary and reasonably necessary is a contemplated street use and is not unlawful or a nuisance. The right to use the street, for the general purpose mentioned, existing, the village is not primarily and directly responsible for the misuse or abuse of the right.

3. A pile of rubbish temporarily placed at the side of a street of an incorporated village, under a resolution promulgated by the board of trustees appointing a certain day as a " clean-up day," on which rubbish would be drawn away by the village, was not per se a nuisance or an unlawful obstruction to travel upon the street, where the rubbish was placed at the side of the street on the morning of the day on which it was to be removed. (Village Law [Cons. L. ch. 64], §§ 141, 164; Public Health Law [Cons. L. ch. 45], § 21b.)

1920.] Statement of case. [228 N. Y.]

4. Plaintiff's horse, of ordinary gentleness and steadiness, was frightened by a pile of rubbish, placed for removal, in the morning of the day in question, upon the grass plot between the driveway and sidewalk, and ran away whereby plaintiff was thrown from the carriage and injured. The trial court charged that the rubbish was a nuisance for which the village was liable and that the only questions for the jury were whether the horse was frightened by the rubbish and if so the amount of the damages sustained by the plaintiff. *Held*, error; that plaintiff cannot recover without evidence (1) that the rubbish pile was so likely to frighten horses of ordinary gentleness that any one of ordinary prudence and sagacity would have apprehended such result; (2) that the board of trustees had neglected to abate or remove the defect within a reasonable time after having information or knowledge of its existence, and (3) that plaintiff was free from negligence which contributed to the accident and her injury.

*Lyman* v. *Village of Potsdam*, 183 App. Div. 910, reversed.

(Argued March 11, 1920; decided April 13, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 12, 1918, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Purcell* and *Frank L. Cubley* for appellant. A municipality has a right to incumber the sides of its streets for any purpose that is reasonable, useful and necessary to the public, provided such incumbrance is reasonable and does not interfere with the passage of the public. (*Dougherty* v. *Trustees*, 159 N. Y. 154; *Sautter* v. *Utica City Bank*, 45 Misc. Rep. 15; *Kent* v. *Town of Patterson*, 80 Misc. Rep. 560; *Studeor* v. *Village of Gouverneur*, 15 App. Div. 229; *Glasier* v. *Town of Hebron*, 131 N. Y. 447; *Tubesing* v. *City of Buffalo*, 51 App. Div. 14; *Hubbell* v. *Wilson*, 104 N. Y. 434; *Callanan* v. *Gilman*, 107 N. Y. 360; *Welsh* v. *Wilson*, 101 N. Y. 254; *People* v. *Horton*, 64 N. Y. 610; *Weston* v. *City*, 139 N. Y. 281; *Robert* v. *Powell*, 168 N. Y. 411.) A corporation

cannot be charged with negligence unless it was an accident which was likely to happen in common experience. (*Tubesing* v. *City of Buffalo*, 51 App. Div. 14; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434.) A village must have sufficient notice of something out of the ordinary. (*Beekman* v. *Mayor, etc.*, 18 Misc. Rep. 509; *Masterton* v. *Village of Mount Vernon*, 58 N. Y. 391; *Magee* v. *City of Troy*, 48 Hun, 383; *Eggleston* v. *Columbia Turnpike*, 82 N. Y. 278.) The evidence does not affirmatively show that the injury could reasonably be anticipated by prudent men. (*Studeor* v. *Village of Gouverneur*, 15 App. Div. 229; *Frank* v. *Village of Warsaw*, 198 N. Y. 463; *Gubasco* v. *City of New York*, 14 Daly, 559; *Tubesing* v. *City of Buffalo*, 51 App. Div. 14; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *McPherson* v. *City of New York*, 204 N. Y. 430.) The evidence does not show affirmatively that the village omitted any duty it owed the plaintiff. (*Smith* v. *Mayor, etc.*, 66 N. Y. 295; *Gorham* v. *Trustees, etc.*, 59 N. Y. 660; *Beekman* v. *Mayor, etc.*, 18 Misc. Rep. 509; *Cosulich* v. *S. O. Co.*, 122 N. Y. 118; *Reiss* v. *N. Y. Steam Co.*, 128 N. Y. 103; *Dickinson* v. *Mayor, etc.*, 92 N. Y. 584.) Although the village trustees invited the inhabitants to put the refuse out to be removed by the village agents, the village is not responsible for the negligence of the householder who may have put out a dangerous object. (*Masterton* v. *Village of Mount Vernon*, 58 N. Y. 391; *McDermott* v. *City of Kingston*, 19 Hun, 198; *Morgan* v. *Village of Penn Yan*, 42 App. Div. 582.)

*George J. Moore* for respondent. A person using a public street has the right to assume that it is safe whether he be walking or driving. (*Pettengill* v. *City of Yonkers*, 116 N. Y. 558; *Nelson* v. *Village of Canisteo*, 100 N. Y. 93.) Where a dangerous condition is caused by the municipal authorities themselves they are not

entitled to notice of a defect but are presumed to know of its existence. (*Brusso* v. *City of Buffalo*, 90 N. Y. 679; Dillon on Mun. Corp. §§ 791, 793; *Storrs* v. *City of Utica*, 17 N. Y. 104; *Weber* v. *Buffalo Railway Company*, 20 App. Div. 292; *Wilson* v. *City of Troy*, 135 N. Y. 96; *Stedman* v. *City of Rome*, 88 Hun, 279; *Flynn* v. *Taylor*, 127 N. Y. 596.) In this case a nuisance was created with the consent and on the invitation of the village authorities and the defendant is liable for the resulting accident to the plaintiff. (*Lyman* v. *Village of Potsdam*, 173 App. Div. 890; *Tinker* v. *N. Y., O. & W. R. R. Co.*, 71 Hun, 431; *Eggleston* v. *Columbia Turnpike Road*, 82 N. Y. 217; *Flynn* v. *Taylor*, 147 N. Y. 596; Penal Law, § 1530; *Champlain* v. *Village of Penn Yan*, 34 Hun, 33; 102 N. Y. 680; *McNulty* v. *Ludwig Co.*, 153 App. Div. 206; Shearman & Redfield on Negligence (6th ed.), ¶ 355; *Quinn* v. *Town of Sempronius*, 33 App. Div. 70; *Milker* v. *City of New York*, 190 N. Y. 481.)

COLLIN, J. The action is to recover damages for personal injuries. The plaintiff was thrown from a carriage while riding along a street of the defendant because the horse, through fright at a pile of rubbish within the street, ran away. The action has been twice tried. The Appellate Division reversed the judgment in favor of the defendant resulting from the former trial and said that a nuisance was created by the pile of rubbish with the consent and on the invitation of the village authorities. (*Lyman* v. *Village of Potsdam*, 173 App. Div. 390.) At the close of the evidence at the second trial, resulting in the judgment under review, the decision of the defendant's motion for a dismissal of the complaint was reserved pending the rendition of a verdict. The trial justice, under exceptions, charged the jury, pursuant to the declaration of the Appellate Division, that the rubbish was a nuisance for which

26

the defendant was responsible, "therefore the only question left open in this case concerning liability is the question of whether or not the horse which was drawing the buggy in which the plaintiff was riding was frightened by that rubbish or any portion of it," and, if it was, the question of the sum of the damages sustained by plaintiff; and submitted specifically in writing those two questions to the jury. The jury answered that the accident was caused by the rubbish and fixed the damages at the sum of twenty-five hundred dollars. The trial justice thereupon denied the defendant's motion for the dismissal and in virtue of a motion of the plaintiff directed the verdict in favor of the plaintiff. The consequent judgment was affirmed by a non-unanimous decision.

The controlling facts most favorable to the plaintiff the jury might have found to be: The board of trustees of the defendant, an incorporated village of about forty-two hundred inhabitants, by a resolution adopted and published appointed May 14, 1914, to be "clean-up day" and invited residents to put out on the streets, not earlier than May 13, the rubbish they would dispose of to be drawn away by the village. Pursuant thereto the pile of rubbish in question was deposited in the morning of May 14 upon Cedar street by the owner of the abutting property. Cedar street at that point consists of a central driveway for vehicular traffic thirty-two feet wide, a contiguous grass plot upon either side of the driveway thirteen feet wide abutting a sidewalk four feet wide. The rubbish, consisting of a water closet reservoir and bowl, a box about two feet long and eighteen inches wide, a cast-away Christmas tree about five feet long and, perhaps, a couple of barrels, was placed upon the grass plot near the driveway. An end of the tree may have protruded into the driveway a few inches. The rubbish was a pile from four to six feet in width and length. On the morning of May 14 the village employees with teams and wagons began and completed the following

day the drawing away of all the rubbish deposited in the village streets. " Clean-up day " had been a practice of the village since 1909. At about six o'clock in the afternoon of May 14, the plaintiff and her husband, residents of the village, after driving for three-quarters of an hour in other streets of the village, were driving along Cedar street. The horse, of ordinary gentleness and steadiness, frightened by the pile of rubbish described, " lunged " and ran. The plaintiff was thrown from the carriage and injured. About an hour before the accident the president of the board of trustees drove past and saw the rubbish.

The pile of rubbish was not an unlawful obstruction *per se* to public travel on the street. In any arrangement or aspect of the facts it was not a public or private nuisance as a matter of law. While, as a matter of course, the grass plot was a part of the street, the owner of the abutting property was authorized to place rubbish upon it, under the conditions stated, and for two reasons: (a) The invitation of the board of trustees of the defendant so to do was not *ultra vires* or nugatory. The streets of the defendant were under the exclusive control and supervision of the board (Village Law [Cons. Laws, chapter 64], section 141), which was empowered to cause the streets to be cleared of rubbish or other accumulations on any part of them, at the public expense (section 164). The board constituted the board of health of the village with all the powers and subject to all the duties provided by the Public Health Law (section 85), and was obligated to make an annual sanitary survey and maintain a continuous sanitary supervision over the territory within their jurisdiction. (Public Health Law [Cons. Laws, chapter 45], section 21-b.) It is a matter of common knowledge and, hence, of judicial knowledge that the removal, universally, from the homes of the village of refuse, garbage and rubbish would promote sanitary conditions. (b) The property owner had the right, as

reasonable necessity or convenience induced, to place and have temporarily within the street for the purpose of its disposal, rubbish. The public right to the unobstructed use of a street in all its parts is not absolute but relative. The right may be qualified by means of permanent obstructions located at the sides of the streets, fulfilling useful public purposes consistent with, although other than, those of transportation and traffic, provided unobstructed passageways of ample width are left (*Dougherty* v. *Village of Horseheads*, 159 N. Y. 154; *Robert* v. *Powell*, 168 N. Y. 411), and provided, further, the obstructions are not in the nature of permanent structures or encroachments upon and appropriations of the land of the street for private benefit or use. (*City of New York* v. *Rice*, 198 N. Y. 124.) The right may be qualified also by the use, temporary and for a reasonable time, of the sidewalk and side of the street, by an abutting owner, to fulfill a reasonable necessity. This right is founded upon common usage and consent and needs no other authority. It cannot be exercised so as to interfere unreasonably with the public right. (*Callanan* v. *Gilman*, 107 N. Y. 360; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Tolman & Co.* v. *City of Chicago*, 240 Ill. 268.) This use cannot be permanent and continuous, even if sanctioned by the unauthorized consent of the municipal authorities. (*Cohen* v. *Mayor, etc., of N. Y.*, 113 N. Y. 532.) The question involved in this class of cases is whether the use complained of is usual, reasonable or necessary, and is usually of fact. Public highways are subject to such incidental temporary or partial obstructions as reasonable necessity requires. Obstructions of such a character are not invasions, but qualifications, of the public right of free and common transit. They must not, however, unreasonably interfere with the rights of the public either through imposition or continuance. (*Bradley* v. *Degnon Contracting Co.*, 224 N. Y. 60.) There is no dubiety in holding, as a matter of law, in the case at bar, that the rubbish was

where it was for a legitimate purpose. Reasonable men cannot fairly differ as to the conclusion that the removal of the refuse and rubbish from the homes of the village and ultimate disposition by the board of trustees was a lawful and wholesome end. The holding is equally undoubted and correct that, as a matter of law, in virtue of common usage and consent, the suitable placing of refuse, garbage and rubbish upon the side of the street for the purpose of removal, and not for storing, is not the creation of a nuisance. As we have stated, the pile of rubbish was not a nuisance as a matter of law.

The defendant did not authorize or directly or indirectly cause the pile to consist of the articles which constituted it or to have the form and appearance it possessed. The invitation of the defendant did not express or imply the kind of rubbish to be deposited or manner of piling or that a householder had license or permission to create an unlawful obstruction or defect in the street. It did not suggest or contemplate any act or result intrinsically dangerous. There are very many articles of rubbish which may be placed temporarily at the side of the street and not make it unsafe or defective. The right to use the street for the general purpose in question existing, the village is not primarily and directly responsible for the misuse or abuse of the right. The defendant cannot be held liable as the creator of the pile. (*Masterton* v. *Village of Mount Vernon*, 58 N. Y. 391; *Borough of Susquehanna Depot* v. *Simmons*, 112 Penn. St. 384.) The responsibility or liability of the defendant must spring solely from negligence on its part. (*Hayes* v. *Brooklyn Heights R. R. Co.*, 200 N. Y. 183.) Upon negligence the complaint of the plaintiff founds her cause of action.

That the defendant was not an insurer of the safety of travelers upon the streets is, of course, unquestioned. Reasonable care in the construction and maintenance of the streets of the village was the measure of duty resting upon the board of trustees. Liability of the

# 406    LYMAN v. VILLAGE OF POTSDAM.

village rests upon a violation of this duty. Inasmuch as a new trial of the action must be granted, a consideration of the evidence before us and a determination of its effects would be neither useful nor proper. In this opinion we have disposed, under the facts presented, of the question of the legitimacy and reasonable necessity of depositing rubbish upon the grass plot by the owner of the adjacent residence for the purpose of removal by the board of trustees, because the evidence concerning that point cannot probably be materially changed. Ordinarily it is incumbent upon a defendant charged with creating a nuisance in a street or with negligence in a street use to show that the use was reasonably necessary. (*Callanan* v. *Gilman,* 107 N. Y. 360.) The plaintiff in the case at bar, to establish a right of action, must produce evidence tending to prove each of three propositions: (1) The pile of rubbish was, by reason of its size, shape, appearance, location or other characteristics, reasonably calculated to frighten horses of ordinary gentleness, steadiness and courage and a man of ordinary prudence and sagacity would have apprehended that result, and it, therefore, constituted a defect in the street. (2) The board of trustees neglected to abate or remove the defect within a reasonable time or opportunity after having notice or information or means of knowledge of its existence and, therefore, there was negligence on the part of the board in knowingly permitting it to remain an unreasonable length of time. (3) The freedom of the plaintiff from negligence which contributed to the accident and her injury. (*Tinker* v. *New York, Ont. & West. Ry. Co.,* 157 N. Y. 312; *District of Columbia* v. *Moulton,* 182 U. S. 576; *Burns* v. *Town of Farmington,* 31 App. Div. 364; *Eggleston* v. *Prest., etc., Columbia Turnpike Road,* 82 N. Y. 278; *Weston* v. *City of Troy,* 139 N. Y. 281; *Farley* v. *Mayor, etc., of N. Y.,* 152 N. Y. 222; *Simonds* v. *Maine Telephone & Tel. Co.,* 104 Me. 440; *Horr* v. *New York, N. H. & H. R. R. Co.,* 193 Mass. 100; *East*

*Tennessee Tel. Co.* v. *Parsons,* 154 Ky. 801; *Piollet* v. *Simmers,* 106 Penn. St. 95.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.