DELLA SPRINGER *vs.* JOHN P. BARNES.

ROBERT AMACHER, AN INFANT UNDER THE AGE OF TWENTY-ONE

WHO BRINGS THIS ACTION BY DELLA SPRINGER,

HIS MOTHER AND NEXT FRIEND

*vs.*

JOHN P. BARNES.

Penobscot.     Opinion, July 17, 1940.

18

*Clinton C. Stevens*, for plaintiffs.
*Charles P. Conners*, for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

THAXTER, J.  We are concerned here with two actions, one brought by Robert Amacher, a minor, the other by Della Springer, his mother, who seeks to recover for the loss of services of her son and for expenses in curing him of injuries. The suits grew out of an assault alleged to have been made on the boy by the defendant, a police officer of the City of Bangor.

The defendant had been detailed to keep order at a basketball game which was played in a room on the third floor of the city hall. The plaintiff, Amacher, a boy in his first year at the Bangor High School, was a spectator at the game. He had entered the room from the fire escape without paying admission; but the fact that he was a trespasser was not known to the defendant at the time the difficulties here involved arose. The plaintiff appears to have encroached on the playing floor at the game and was warned by the defendant to stand back. He did not obey, and the defendant took him by the arm to eject him. After removing the boy from the hall, the officer led him down the first flight of stairs to the second floor. Here according to the officer's story the boy pulled away, and in running down the next flight of stairs, fell and broke his ankle. The boy states that the

officer pushed him down the stairs. Just before this incident the boy apparently asked the officer where he was going to take him and was told that he was going to be taken to the police captain so that this official could talk to him. Whatever may have been the original intent a jury would have been warranted in finding that after the injury this plan was abandoned, and that the boy went voluntarily to the police office asssisted by the officer and was finally taken home in a police automobile, and that after the accident he was in no sense under arrest.

At the close of the evidence the court directed a verdict for the plaintiff, Amacher, leaving to the jury only the assessment of damages. The presiding justice instructed the jury that the officer was within his rights in removing the boy from the assembly hall provided undue force was not used, but that beyond the limits of that room his authority to restrain him ended. The court charged that the officer was guilty of an assault and battery for such restraint as he placed on the boy thereafter. The jury were instructed that the plaintiff was entitled to nominal damages if the injury was caused by his own bravado or recklessness but to substantial damages if it was received in an effort to escape from a restraint which the court held was unlawful. In the suit by the mother the jury were told that if nominal damages only were given to the boy, the mother would not be entitled to recover because she had suffered no loss arising from the unlawful restraint, but that if substantial damages were given to the boy, the mother was entitled to recover the expenses which she had incurred in curing him. There was a verdict for substantial damages in each case. The case of the boy is before us on exceptions to the direction of a verdict in his favor and to the instruction that the defendant was guilty of an assault and battery on him. The case of the mother is brought forward on a general motion.

The exceptions must be sustained. It was error to instruct the jury that as a matter of law the authority of the officer to restrain the boy ended immediately on their leaving the room where the game was in progress, and that from then on what the officer did was unlawful. Assuming as the judge did that the officer, irrespective of his intention ultimately to take the plaintiff to police headquarters, did have the right to remove him, it was a question for the jury to determine whether or not in the proper exercise of that authority he

was justified in taking him as far as the second floor of the building or even farther. To tell the jury that he had authority to remove him from the hall and not from the immediate environs was error.

Just why the case of the mother should have been brought here on a motion and not on exceptions is not clear. It would be an anomaly for the mother to recover unless the boy should be entitled to a verdict. The charge in so far as it applies to the suit of the mother is as erroneous as in the case of the son. A general motion ordinarily does not reach a defect in the judge's charge. Where, however, manifest error in law has occurred in the trial of a case and injustice inevitably results, the law of the case may be examined on a motion for a new trial on the ground that the verdict is against the law. *State* v. *Wright*, 128 Me., 404, 406, 148 A., 141 ; *Pierce* v. *Rodliff*, 95 Me., 346, 348, 50 A., 32 ; *Simonds* v. *Maine Tel. & Tel. Co.*, 104 Me., 440, 443, 72 A., 175.

In the case of Robert Amacher the entry will be,

*Exceptions sustained.*
*New trial granted.*

In the case of Della Springer the entry will be,

*Motion sustained.*
*New trial granted.*