*330 OPINION OF THE COURT
Rudolph U. Johnson, J.
Petitioner, County of Erie, seeks a judgment pursuant to section 136 of the New York Highway Law directing the respondent, Marjorie’s Grove and Catering Service, Inc., to remove a certain advertising sign from the right of way of County Road No. 63, more particularly located at 1788 South Creek Drive, Derby, New York, and for other relief.
A hearing was had before this court on October 30, 1978, at which time testimony was heard and proof received. Additionally during the noon recess the court made a personal inspection of the sign in question as well as the surrounding roadway and neighborhood.
Upon the evidence and testimony received, the court finds that the sign in question is indeed within the right of way of County Road No. 63 and is an obstruction thereon and that petitioner through its employee, Mr. James A. Selmensberger, highway maintenance engineer, in the interest of highway safety, fairly exercised its authority in demanding the removal of this encroachment.
The court further finds that while respondent’s contention that section 136 of the Highway Law is not here applicable, and that there are numerous other signs in the area also encroaching on the right of way, are substantially correct, these arguments are not compelling.
The respondent’s sign is no mere name post. It is a substantial and permanent structure mounted on lumber 4 inches by 4 inches, surrounded by mounded earth and stone and guarded by several boulders and two upright sunken railroad ties. This then is not a temporary structure erected by an abutting owner to fulfill a short-lived or otherwise reasonable necessity. Accordingly, respondent’s sign is an unlawful encroachment on a county highway. As such it is a nuisance and may be abated by the petitioner as any other public nuisance. (Callanan v Gilman, 107 NY 360; City of New York v Rice, 198 NY 124; Lyman v Village of Potsdam, 228 NY 398.) See, also, People ex rel. Hofeller v Buck (193 App Div 262, 264, affd 230 NY 608) where the court stated: "It is elementary law that the public is entitled to the free and unobstructed use of city streets and that any obstruction of such streets for private use interferes with the public right, constitutes a nuisance and may be removed * * *. There are certain excep *331 tions to this general statement, as where there are temporary obstructions or obstructions which the courts have considered as not amounting to a substantial interference with traffic and as permissible and not in conflict with the purposes for which streets and highways are maintained.”
Therefore, the County of Erie may seek the equitable power of this court to enforce the removal of such an encroachment.
As suggested by respondent, section 136 of the Highway Law of New York appears to be designed to protect public thoroughfares from more serious encroachments than that presented here. As such the petitioner is without a statutory remedy. However, from the moving papers submitted, adequate notice has been afforded the respondent to entitle the petitioner to seek the equitable relief requested.
Lastly, respondent’s contention that his sign has existed in one form or another at its present location for over 25 years and that, therefore, the county should be estopped from demanding its removal, is without merit. It is axiomatic that a private citizen can gain no adverse title or interest in public property.
As pointed out by the Court of Appeals in Burbank v Fay (65 NY 57, 69-70): "[N]o individual, according to well-established principles, can gain for himself an easement on a highway by prescription, or in any way make a valid encroachment upon the public right. It is not necessary to affirm that an individual cannot enclose public land and gain title to it by a long continued adverse possession * * * This rule was laid down as to an encroachment upon a public highway, in Gerring v. Barfield (16 C.B. [N.S.], 597). It is there stated that the fact that a piece of ground, part of a public highway, has for twenty years been used by an innkeeper for the standing of vehicles belonging to his guests, is no answer to a complaint for an obstruction of the highway. Byles, J., said: 'As regards private rights, twenty years’ user is important. There may be a presumption creating or extinguishing a right by user or non-user; but once a highway always a highway.’ (P. 604). So it was held in Morton v. Moore (15 Gray, 573,) that a right to deposit saw-logs within the limits of a highway cannot be maintained by evidence that the owner of a saw-mill in the vicinity has been accustomed to deposit them there for more than twenty years. The line of argument in that case was, that the right of the public to a highway is paramount and controlling. The right extends to the entire territory within its *332 limits, and consequently no one can be deprived of the enjoyment of such an easement by any adverse or unlawful use or occupation of the way by an individual for his private purposes. An obstruction to it, however long continued, is unlawful, and no right can be acquired by persisting in the maintenance of it.”
Accordingly, petitioner’s request that respondent be directed to remove his advertising sign, from within the right of way of County Road No. 63, more particularly located at 1788 South Creek Drive, Town of Evans, Erie County, New York, and further enjoining respondent from erecting any other structures within the right of way of said road is hereby granted.